

Oregon

Kate Brown, Governor

**State Board of Examiners for
Engineering & Land Surveying**

670 Hawthorne Ave. SE, Suite 220
Salem, Oregon 97301
503.362.2666
Fax 503.362.5454
osbeels@osbeels.org
www.oregon.gov/osbeels

November 1, 2016

MATS JARLSTROM
13520 SW HART RD.
BEAVERTON, OR  97008

RE:  Case No. 2929

MATS JARLSTROM:

The Oregon State Board of Examiners for Engineering and Land Surveying has issued you a Notice of Intent to Assess a Civil Penalty, a copy of which is enclosed, along with a Notice of Contested Case Rights and Procedures and an Options Form.  The Notice of Intent and the Notice of Contested Case Rights and Procedures describe your rights, how to request a hearing in this matter, and procedural details about any hearing that may be held.

In addition to requesting a hearing, you may also attend an informal conference with the Board's Law Enforcement Committee.  The informal conference is an opportunity to discuss settling the matter prior to a hearing.

Respondents are entitled to a hearing to appeal the Board's decision, as provided by the Administrative Procedures Act (Oregon Revised Statutes, Chapter 183).  The request for hearing must be made in writing to the Board office within 21 calendar days of the date of this letter.  In addition and pursuant to Oregon Administrative Rule (OAR) 820-001-0015, which is enclosed, a written request for a hearing may be required to include an answer admitting or denying each factual matter alleged in the Notice of Intent, together with a short, plain statement of each relevant affirmative defense.  If your case is subject to those requirements and except for good cause, factual matters alleged in the Notice of Intent that are not denied in the answer will be presumed admitted; defenses not raised in the answer may be considered waived.  Please see OAR 820-001-0015 to determine if this applies to your case.

Your options are provided on the enclosed options form.  Regarding those options, please note:
- ✓ If you request a hearing, you will be notified of the time and place of the hearing by the Office of Administrative Hearings.
- ✓ If no hearing is requested by you within the 21-day period, your request for hearing is withdrawn, or the party requesting the hearing fails to appear at the scheduled hearing, the Board may issue a final order by default.  If the Board issues a final order by default, it designates its file on the matter as the record.
- ✓ If you request an informal conference, the next scheduled informal conference date is December 8, 2016.  When you request an informal conference you will be advised of your appointed time.

Please contact our office if you have any questions or concerns.

Sincerely,

Lisa Montellano, Investigator

Enclosures:  Notice of Intent, notice of contested case rights and procedures, option form

**Complaint Ex. 3
Page 1 of 18**

# Oregon

Kate Brown, Governor

**State Board of Examiners for
Engineering & Land Surveying**

670 Hawthorne Ave. SE, Suite 220
Salem, Oregon 97301
503.362.2666
Fax 503.362.5454
osbeels@osbeels.org
www.oregon.gov/osbeels

BEFORE THE OREGON STATE BOARD OF EXAMINERS

FOR ENGINEERING AND LAND SURVEYING

| | |
|---|---|
| In the Matter of: | Case No. 2929 |
| MATS JARLSTROM | NOTICE OF INTENT TO ASSESS CIVIL PENALTY |

Under Oregon Revised Statutes (ORS) Chapter 672 and Oregon Administrative Rules

(OAR) Chapter 820, the Oregon State Board of Examiners for Engineering and Land Surveying

(Board) is charged with licensing and disciplining professional engineers, land surveyors,

photogrammetrists, and water right examiners in Oregon. Pursuant to ORS 672.325 and ORS

183.745, the Board proposes to assess a civil penalty in the amount of $500 against Mats

Jarlstrom (Jarlstrom) for violations of ORS 672.045(1) and (2), and OAR 820-010-0730.

## FACTS

1.

Jarlstrom is not now, and never has been, registered to practice engineering in Oregon, or

any other state in the United States. Jarlstrom has claimed to be a Swedish engineer. However,

engineering is not a regulated profession in Sweden. No licensure, registration, or certification is

offered or required to practice engineering in Sweden.[1] Jarlstrom runs an audio product design

and testing business that is not registered with the Oregon Secretary of State's office.

/ / /

---

[1] *See, e.g,* Swedish Council for Higher Education, Recognition of Foreign Qualifications, P.O. Box 45093, SE-104 30 Stockholm, Sweden, Tel. +46-10-470-03-00

Page 1 -    NOTICE OF INTENT TO ASSESS CIVIL PENALTY

1

2.

2    On September 3, 2014, Jarlstrom emailed the Board alleging that the City of Beaverton

3    engineers were misapplying well-known traffic engineering formulas and asked the Board to

4    investigate the City of Beaverton. In his email to the Board, Jarlstrom indicated that he was

5    performing engineering work. The Board has no jurisdiction over the timing of traffic lights in

6    the City of Beaverton. Jarlstrom was informed of this lack of jurisdiction. Jarlstrom was also

7    cautioned by the Board against practicing engineering without being registered and was provided

8    with copies of ORS 672.005(1) and ORS 672.007(1), which define the practice of engineering as

9    including both engineering work and use of the engineering title. Jarlstrom agreed to comply

10   with the law.

11

3.

12   On January 13, 2015, Jarlstrom sent an email to Lehmon Dekle with the National Council

13   of Examiners for Engineering and Surveying, Dr. Alexi Marududin (the creator of a well known

14   traffic signal formula), 60 Minutes, and the Board, explaining how he had, "solved the slowing

15   down *within critical stopping distance* dilemma" of the yellow change interval timing formula

16   and attached a document with his calculations and a traffic change interval timing formula

17   including algorithms he created, and which he promoted as a replacement for the traffic change

18   formula commonly used. He asserted that his new formula "will have worldwide impact" and

19   resolve the current misapplication of the original change interval timing formula.

20

4.

21   On January 15, 2015, Jarlstrom sent an email to the Board stating, "And yes, I'm an

22   excellent **engineer**" contradicting his earlier statement of being willing to comply with the law.

23   Included with the January 15 email to the Board was an email Jarlstrom wrote to KOIN 6 in

1    which he introduced himself as a Swedish engineer, and presented traffic change interval timing

2    calculations.

3                                              5.

4         On March 6, 2015, Jarlstrom emailed Washington County Sheriff, Patrick Garrett,

5    stating, "I have actually invented and publicly released a new extended solution to the original

6    problem with the amber signal light in traffic flow."

7                                              6.

8         On March 26, 2015, the Board opened a law enforcement case against Jarlstrom for the

9    unlicensed practice of engineering.

10                                             7.

11        On April 13, 2015, Jarlstrom wrote to the Board claiming to be exempt from Oregon

12   registration requirements per ORS 672.060(3)(a), because he does not make final engineering

13   decisions, and per ORS 672.060(6)(b), because he does not offer engineering services directly to

14   the public.. He further wrote, "you should understand why I am exempt from needing to be a

15   licensed Professional Engineer, PE in the State of Oregon and why I can call myself an

16   'Engineer.'" Jarlstrom attached a paper he wrote to the email, in which he opined that the

17   Institute of Transportation Engineers made an error in the calculation on which its change

18   interval formula is based.

19                                          **LAW**

20                                             8.

21        ORS 672.005 provides, in pertinent part:

22        (1) "Practice of engineering" or "practice of professional engineering" means
          doing any of the following:

23

Page 3 -    NOTICE OF INTENT TO ASSESS CIVIL PENALTY

1    (a) Performing any professional service or creative work requiring
     engineering education, training and experience.
2    (b) Applying special knowledge of the mathematical, physical and
     engineering sciences to such professional services or creative work as
3    consultation, investigation, testimony, evaluation, planning, design and
     services during construction, manufacture or fabrication for the purpose of
4    ensuring compliance with specifications and design, in connection with any
     public or private utilities, structures, buildings, machines, equipment,
5    processes, works or projects * * * *.

6                                          9.

7    ORS 672.007 provides, in pertinent part:

8    (1) A person is practicing or offering to practice engineering if the person:
     (a) By verbal claim, sign, advertisement, letterhead, card or in any other way
9    implies that the person is or purports to be a registered professional engineer;
     (b) Through the use of some other title implies that the person is an engineer
10   or a registered professional engineer; or
     (c) Purports to be able to perform, or who does perform, any service or work
11   that is defined by ORS 672.005 as the practice of engineering * * * *.

12                                         10.

13   Pursuant to OAR 820-040-0030 traffic engineering, specifically, is, in pertinent part:

14   (1) * * * that branch of engineering which applies technology, science, and
     human factors to the planning, design, operations, and management of roads,
15   streets, bikeways, highways, their networks, terminals, and abutting lands. Its
     objective is to provide for the safe, rapid comfortable, economical,
16   convenient, and environmentally compatible movement of people, goods and
     services. Traffic engineering embraces studies and activities in connection
17   with roads, streets, and highway traffic controls, which include signs, signals,
     lighting, pavement markings, and the following:
18   (a) The planning, use, and design of traffic control devices and systems;
     (b) The use of algorithms for the operation of traffic control systems;
19   (c) The operational adjustment of traffic control devices and systems;
     (d) The preparation of traffic engineering reports; * * *
20
     (2) Functional Areas: Four areas have been identified as functional
21   classifications within traffic engineering. Each of the functional areas is
     further described as follows:
22   (a) "Traffic operations" is the science of analysis, review, and application of
     traffic data systems, including accident and surveillance records, and volume
23   and other data gathering techniques necessary for traffic planning. It includes

1    the knowledge of operational characteristics of persons and vehicles to
     determine the need for installation of traffic control devices, and the treatment
2    of the functional characteristics of the controls such as traffic signal timing. It
     includes the assessment of vehicular and human factors, their relationship
3    with other traffic characteristics, the determination of safe transportation
     systems, and the need for inherently safe features and controls;"
4    (b) "Traffic design" consists of the design of traffic control devices and
     operational design. Traffic control device design includes those activities
5    necessary to determine the appropriate and proper application of signs,
     pavement markings, signals, and signal systems, as well as to determine their
6    location, and, if necessary, construction methods. It includes the preparation
     of plans, specifications, and estimates for the installation or modification of
7    the various devices. Operational design concerns the visible features of a
     roadway. It may be thought of as the tailoring of the highway to the terrain, to
8    the urban landscape, and to the requirements of the roadway user. It deals with
     such roadway elements as cross section, curvature, sight distance,
9    channelization, and clearances, and thus depends directly on traffic flow
     characteristics; * * *

10                                    11.

11   ORS 672.045 provides, in pertinent part:

12   **672.045 Prohibited activities relating to practices of engineering, land surveying or**
     **photogrammetric mapping.** A person may not:

13
     (1) Engage in the practice of engineering, land surveying or photogrammetric
14   mapping without having a valid certificate or permit to so practice issued in
     accordance with ORS 672.002 to 672.325.

15
     (2) Falsely represent, by any means, that the person is authorized to practice
16   engineering, land surveying or photogrammetric mapping * * * *.

17   And

18        ORS 672.020 provides, in pertinent part, "(1) In order to safeguard life,
     health and property, no person shall practice or offer to practice engineering in
19   this state unless the person is registered and has a valid certificate to practice
     engineering issued under ORS 672.002 to 672.325."

20
                                      12.
21

22   OAR 820-010-0730 provides, in pertinent part:

23   / / /

Page 5 -   NOTICE OF INTENT TO ASSESS CIVIL PENALTY           **Complaint Ex. 3**
                                                               **Page 6 of 18**

1    (1) A person who is not registered in Oregon as a professional engineer, but
     holds a substantially equivalent unexpired certificate of registration in another
2    state, territory or possession of the United States, the District of Columbia, or
     a foreign country, may use the title, "engineer," "professional engineer,"
3    "registered professional engineer," or any of its derivations provided that the
     jurisdiction(s) in which they are registered is written/printed after the title so
4    as not to mislead the public regarding their credentials.

5    (2) Other than as described in subsection (1) of this rule, no persons may hold
     themselves out as an engineer in Oregon by use of the title "professional
6    engineer," "registered professional engineer," or any of their abbreviations or
     derivatives;
7
     (3) Unless registered as a professional engineer in Oregon, no persons may;
8    (a) Hold themselves out as an "engineer" other than as described in subsection
     (1) of this rule or in ORS 672.060;
9    (b) Offer to practice engineering; or
     (c) Engage in the practice of engineering * * * *.
10
                            **CONCLUSIONS OF LAW**
11
                                    13.
12
             By indicating to the Board that he was performing engineering work, Jarlstrom purported
13
     to be able to perform engineering services or work and represented that he was authorized to
14
     perform engineering work.  By purporting to be able to perform engineering services or work,
15
     Jarlstrom engaged in the practice of engineering under ORS 672.007(1)(c).  By engaging in the
16
     practice of engineering and representing that he was authorized to perform engineering work,
17
     without registration, Jarlstrom violated ORS 672.020(1), 672.045(1) and (2), and OAR 820-010-
18
     0730(3)(c).
19
                                    14.
20
             By reviewing, critiquing, and altering an engineered ITE formula, and submitting the
21
     critique and calculations for his modified version of the ITE formula to members of the public
22
     for consideration and modification of Beaverton, Oregon's and "worldwide" traffic signals,
23

1    which signals are public equipment, processes and works, Jarlstrom applied special knowledge

2    of the mathematical, physical and engineering sciences to such creative work as investigation,

3    evaluation, and design in connection with public equipment, processes, and works. Jarlstrom

4    thereby engaged in the practice of engineering under ORS 672.005(1)(b).  By doing so through

5    the use of algorithms for the operation of traffic control systems, and through the use of the

6    science of analysis, review, and application of traffic data systems to advise members of the

7    public on the treatment of the functional characteristics of traffic signal timing, Jarlstrom

8    engaged, specifically, in traffic engineering under OAR 820-040-0030(1)(b) and (2)(a).  By

9    engaging the practice of engineering (specifically, traffic engineering) without registration,

10   Jarlstrom violated ORS 672.020(1), 672.045(1) and OAR 820-010-0730(3)(c) on a second

11   occasion.

12                                          15.

13        By asserting to a public body in correspondence that he is an ("excellent") engineer, and

14   asserting to the public media in correspondence that he is a ("Swedish") engineer, Jarlstrom held

15   himself out as, and implied that he is, an engineer.  He thereby violated ORS 672.020(1) and

16   672.045(2) on a second occasion and violated OAR 820-010-0730(3)(a).  By again providing the

17   public with his traffic engineering calculations for the modification of Beaverton's traffic signal

18   timing, Jarlstrom again engaged in the practice of engineering and, specifically, the practice of

19   traffic engineering.  He thereby violated ORS 672.020(1), 672.045(1) and OAR 820-010-

20   0730(3)(c) on a third occasion.

21                                          16.

22        By providing his "publicly released" traffic engineering calculations to the sheriff of the

23   county where he advised changes in traffic signals, Jarlstrom again purported to be authorized to

1    engage in, and did engage in, the practice of engineering. He, therefore, violated ORS

2    672.020(1), 672.045(1) and (2), and OAR 820-010-0730(3)(c) on third and fourth occasions.

3                                    17.

4          By, once again, purporting to be authorized to practice engineering, including through

5    use of the "engineer" title, and by providing an engineering analysis and critique of an

6    engineered traffic signal formula, all to a public a body, Jarlstrom violated ORS 672.020(1),

7    672.045(1) and (2) and OAR 820-010-0730(3)(c) on fourth and fifth occasions.

8                                    18.

9          Because Jarlstrom is not a registered (licensed) engineer in any jurisdiction, in the United

10   States or a foreign country, the notation of his licensing jurisdiction, which would allow him to

11   lawfully use the title of engineer in Oregon under OAR 820-010-0730 (although it would not

12   allow him to lawfully engage in engineering work), is not available to him.

13                      RESPONDENT'S AFFIRMATIVE DEFENSES

14                                    19.

15         Respondent asserts two affirmative defenses, both related to claimed exemptions under

16   ORS 672.060. First, Respondent claims he is exempt from professional engineering registration

17   under ORS 672.060(3) because his work did not include final engineering designs or decisions.

18   Second, Respondent claims he is exempt from professional engineering registration under ORS

19   67.060(6) because, he claims, he does not offer his engineering work directly to the public.

20                                    20.

21         ORS 672.060(3) exempts a person from registration as a professional engineer if that

22   person is "working an employee or subordinate of a registered professional engineer" and all

23   three of the following requirements are also true:

1

      (a) The work of the person does not include final engineering designs or

2    decisions;

      (b) The work is done under the supervision and control of and is verified by a

3    registered professional engineer; and

      (c) The person does not purport to be an engineer or registered professional

4    engineer by any verbal claim, sign, advertisement, letterhead, card or title.

5      ORS 672.060(3)(a), (b) and (c).

6         Respondent may or may not be including final engineering designs or decisions in the

7    work he is providing, but that is the only prong of this four-part exemption he potentially satisfies.

8    He has not performed the traffic engineering work he has done as an employee or subordinate of a

9    registered professional engineer.  His traffic engineering calculations and analysis were not done

10   under the supervision and control of, nor verified by, a registered professional engineer. He did,

11   on many occasions, purport to be an engineer.  The exemption of ORS 672.060(3) does not,

12   therefore, apply to Respondent.

13                         21.

14       ORS 672.060(6) exempts a person from registration as a professional engineer when

15   performing engineering work, if that work, "is in connection with or incidental to the operations

16   of that person" and "[t]he engineering work is not offered directly to the public." ORS

17   676.060(6)(a) and (b).  Respondent runs an audio product design and testing business.

18   Engineering the change intervals of traffic lights is not connected with or incidental to audio

19   product design and testing.  In spite of his conclusory assertion, Respondent has offered his

20   engineering work directly to members of the public multiple times, including: the Sheriff of

21   Washington County, a local television station, Alex Marududin, 60 Minutes, the National

22   Council of Examiners for Engineering and Surveying, and the Board. Respondent meets neither

23   prong of ORS 672.060(6), and this exemption does not apply to him.

Page 9 -   NOTICE OF INTENT TO ASSESS CIVIL PENALTY

1  <u>**ORDER**</u>

2  22.

3  Therefore, Jarlstrom's conduct is the basis for assessment of civil penalties under ORS

4  672.325.  Pursuant to 672.325(1), the Agency may impose a maximum civil penalty of $1,000

5  per violation against Jarlstrom without amending its notice.  The Board proposes to assess a total

6  civil penalty of $500 against Jarlstrom for all of the violations of ORS 672.020, 672.045, and

7  OAR 820-010-0730 detailed above.

8  23.

9  Jarlstrom is entitled to a hearing as provided in ORS Chapter 183, the Administrative

10  Procedures Act (APA), before an assigned Administrative Law Judge from the Office of

11  Administrative Hearings.  The hearing will be conducted pursuant to the uniform and model

12  rules of procedure adopted by the Attorney General under ORS 183.341.

13  24.

14  In order to obtain a hearing, Jarlstrom must file a written request for hearing with the

15  Board no later than 21 days from the date of mailing of this notice, at:

16  Oregon State Board of Examiners for Engineering and Land Surveying
    Attention: Lisa Montellano
17  670 Hawthorne Ave. SE, Suite 220
    Salem, OR 97301
18

19  **Furthermore, under OAR 137-003-0550, any respondent that is a corporation,
    partnership, limited liability company, unincorporated association, trust, or government
20  body must be represented by an attorney licensed to practice in Oregon, or by an attorney
    formally associated with an attorney licensed to practice in Oregon, including in its request
21  for a hearing.**

22  / / /

23  / / /

1                                        25.

2          If a hearing is requested, before commencement of the hearing, the parties will be

3   notified of the time and place of the hearing. The parties will also be given information on the

4   procedures, rights of representation and other rights relating to the conduct of hearings. At the

5   hearing, parties may be represented by an attorney, but any respondent that is a corporation,

6   partnership, limited liability company, unincorporated association, trust, or government body

7   must be represented by an attorney. The Board is customarily represented by an attorney from

8   the Oregon Department of Justice. If Jarlstrom cannot afford an attorney, an Oregon legal aid

9   organization may be able to provide assistance.

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

1                                    26.

2          If no hearing is requested within the 21-day period, a request for hearing is withdrawn, or

3   if the party requesting the hearing fails to appear at the scheduled hearing or appears to the

4   scheduled hearing late, the Board may issue a final order by default assessing a civil penalty in

5   the amount of $500.  If the Board issues a final order by default, it designates its file on the

6   matter as the record, for the purpose of establishing a *prima facie* case.

7

8   | **FOR ACTIVE DUTY SERVICEMEMBERS: You have a right to stay these proceedings**
9   | **under the federal Servicemembers Civil Relief Act.  You may contact the Oregon State Bar**
    | **at (800) 452-8260 or the Oregon Military Department at (800) 452-7500 for more**
10  | **information.  You may also be able to obtain legal assistance by accessing the United States**
    | **Armed Forces Legal Assistant Legal Services Locator office at**
11  | **http://legalassistance.law.af.mil/content/locator.php.**

12          DATED this  1st  day of  November  2016.
13

14                                          OREGON STATE BOARD OF EXAMINERS
15                                          FOR ENGINEERING AND LAND SURVEYING
16
                                            _____
17                                          Mari López, Administrator
18
19
20
21
22
23

Page 12 -   NOTICE OF INTENT TO ASSESS CIVIL PENALTY

**Complaint Ex. 3**
**Page 13 of 18**

## Notice of Contested Case Rights and Procedures

Pursuant to ORS 183.413(2), you are entitled to be informed of the following:

**1.  Time and place of hearing**.  The hearing is not yet scheduled.  You will receive notice from the Office of Administrative Hearings of the time, date and place of the hearing once the hearing is scheduled.

**2.  Issues to be considered at hearing.**  The issues to be considered at hearing are set forth in the Notice of Intent issued by the agency and those issues related to the notice that are properly before the presiding officer to this proceeding.

You have the right to respond to all issues properly before the presiding officer and to present evidence and witnesses on those issues.

**3.  Requiring an Answer to Charges.**  In addition to the requirements under the Attorney General's Model Rules of Procedure under OAR 820-001-0005, an answer to the assertions or charges may be required; failing to provide such an answer may result in negative consequences. See OAR 820-001-0015.

**4.  Authority and Jurisdiction for Hearing.**  The matter set for hearing is a contested case. The hearing will be conducted in accordance with the Administrative Procedures Act, as provided in ORS Chapter 183, the Attorney General Model Rules, as provided in OAR Chapter 137, Divisions 3 and . You can find copies of these statutes and rules in the "Legal Resources" section of the Department of Justice's Web site.

**5.  Right to attorney.**  You may be represented by an attorney at the hearing.  The OSBEELS will be represented by counsel from the Attorney General's office.  If you are represented by counsel, have your attorney provide the Administrative Law Judge and OSBEELS with a "letter of representation" as soon as possible.  Although many parties to OSBEELS cases are customarily represented by counsel, you are not required to be represented by counsel unless you are an agency, trust, corporation or association.  If you are not represented at the hearing and during the hearing you determine that representation by an attorney is necessary, you may request a recess to allow you an opportunity to secure the services of an attorney.  The hearing officer or administrative law judge will decide whether to grant such a request.  OSBEELS will be represented by an attorney.  Legal aid organizations may be able to assist a party with limited financial resources.  Please contact the Oregon State Bar at (800) 452-8260 to find the legal aid office nearest to you.

**6.  Administrative Law Judge.**  The person presiding at the hearing is known as the administrative law judge (ALJ).  The ALJ is not an employee of OSBEELS.  The ALJ will rule on all matters that arise at the hearing, subject to agency consideration of matters transmitted for agency decision under OAR 137-003-0635 or matters subject to review by the Chief ALJ under OAR 137-003-0640.   The ALJ will be assigned by the Chief ALJ from the Office of Administrative Hearings (OAH).   The OAH consists of employees of, and independent contractors with, the Chief ALJ.  The ALJ does not have the authority to make the final decision in the case.  The final determination will be made by OSBEELS.

**7.  Discovery.**  Discovery is permitted as provided in OAR 137-003-0570, OAR 137-003-0572 and OAR 137-003-0573.  You must first ask the agency to provide you with copies of documents or other information relevant to this proceeding.  If you are not satisfied with the response of the agency, you may ask the ALJ to order production of the information you seek in accordance with applicable rules.

**8.  Witnesses.** A witness must testify under oath or affirmation to tell the truth.  You or your attorney may question all witnesses.  The agency or ALJ can issue subpoenas for witnesses on your behalf upon a showing that their testimony is relevant to the case and is reasonably needed by you to establish your position.  Subpoenas are only issued when a witness will not appear voluntarily and when the witness' testimony has a direct bearing on the issues being decided in the hearing.  To request a subpoena, you need to notify OSBEELS in writing, along with a statement describing the relevance of the witness' testimony.  If you are represented by

an attorney, your attorney may issue subpoenas for attendance of witnesses at hearing. Payment of witness fees and mileage to the person subpoenaed is your responsibility.

With prior approval from the ALJ, witnesses may testify by telephone. You should let OSBEELS know if a witness will appear by telephone. Be certain to check that you have correct telephone numbers and that your witnesses will be available to testify during the scheduled hearing time.

**9. Order of evidence.** A hearing is similar to a court proceeding, but is less formal. Its general purpose is to determine the facts and whether OSBEELS' proposed action is appropriate. The order of presentation of evidence is normally as follows:

    **a.** Testimony of witnesses and other evidence of OSBEELS in support of its proposed action.

    **b.** Testimony of your witnesses and your other evidence.

    **c.** Rebuttal evidence by OSBEELS and by you.

**10. Burden of presenting evidence.** The burden of presenting evidence to support an allegation or position rests upon the proponent of the allegation or position. If you have the burden of proof on an issue, or if you intend to present evidence on an issue in which the agency has the burden of proof, you should approach the hearing prepared to present the testimony of witnesses, including yourself, and other evidence that will support your position. All witnesses are subject to cross-examination and also to questioning by the ALJ.

**11. Admissible evidence.** Relevant evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their serious affairs is admissible and will be received. Evidence that is irrelevant, immaterial, or unduly repetitious is excluded. Hearsay evidence is often admissible. The fact that it is hearsay generally affects how much reliance the agency or ALJ will place on it in reaching a decision.

There are four kinds of evidence:

    **a.** Knowledge of the agency or ALJ. The agency or ALJ may take "official notice" of facts based on the agency's or ALJ's knowledge in a specialized field. This includes notice of general, technical or scientific facts. The agency or ALJ may also take "judicial notice" of a fact that is not subject to reasonable dispute in that it is generally known or is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. You will be informed if the agency or ALJ takes "official notice" or "judicial notice" of any fact and you will be given an opportunity to contest any facts so noticed.

    **b.** Testimony of witnesses. Testimony of witnesses, including you, who have knowledge of the facts may be received in evidence.

    **c.** Writings. Written documents including letters, maps, diagrams, and other written material may be received in evidence.

    **d.** Experiments, demonstrations and similar means used to prove a fact. The results of experiments and demonstrations may be received in evidence.

**12. Objections to evidence.** Objections to the admissibility of evidence must be made at the time the evidence is offered. Objections are generally made on one of the following grounds:

    **a.** The evidence is unreliable;

    **b.** The evidence is irrelevant or immaterial and has no tendency to prove or disprove any issue involved in the case;

    **c.** The evidence is unduly repetitious and duplicates evidence already received.

**13. Continuances.** There are normally no continuances granted at the end of the hearing for you to present additional testimony or other evidence. However, if you can show that the record should remain open for additional evidence, the ALJ may grant you additional time to submit such evidence.

**14. Record.** A record will be made of the entire proceeding to preserve the testimony and other evidence for appeal. This may be done by use of a tape or digital recorder or court

reporter. The record is generally not transcribed, unless there is an appeal to the Court of Appeals. However, you may obtain a copy of the tape recording upon payment of the costs of making a copy of the tape. If a court reporter is used, you may obtain a transcript or a copy of the court reporter's transcript upon payment of a transcription fee or other fee that the parties may agree upon.

**15. Proposed Order and Exceptions.** The ALJ will issue a proposed order in the form of findings of fact, conclusions of law, and recommended agency action. You will be provided with a copy and you will be given an opportunity to make written objections, called "exceptions," to the ALJ's recommendations. You will be notified when exceptions to the proposed order must be filed.

**16. Final Order.** The agency will render the final order in this case. The agency may modify the proposed order issued by the ALJ. If the agency modifies the proposed order in any substantial manner, the agency in its order will identify the modification and explain why the agency made the modification. The agency may modify a proposed finding of "historical" fact only if clear and convincing evidence shows that the proposed finding is clearly wrong.

**17. Appeal.** If you wish to appeal the final order, you must file a petition for judicial review with the Oregon Court of Appeals within 60 days after the final order is served upon you. *See* Oregon Revised Statutes (ORS) 183.482.

---

### Oregon Administrative Rule (OAR) 820-001-0015
### Hearing Request and Answers: Consequences of Failure to Answer

(1) A hearing request, and answer when required, shall be made in writing to the Board by the party or the party's attorney.

(2) An answer shall be made in writing to the Board with any request for a hearing on a matter related to the following categories of cases where the proposed violation(s) involves allegations of:
   (a) Examination subversion or irregularities;
   (b) Denials of enrollments, certificates or registrations due to lack of education or experience;
   (c) Right of entry violations under ORS 672.047;
   (d) Violations of rules and statutes relating to professional conduct;
   (e) Negligence, gross negligence or incompetence;
   (f) Stamping or signing work that was not performed under the Registrant's supervision and control; or
   (g) Unlicensed practice of engineering, land surveying or photogrammetry.

(3) The answer shall include the following:
   (a) An admission or denial of each factual matter alleged in the notice; and
   (b) A short, concise statement of each relevant affirmative defense the party may have.

(4) When an answer is required:
   (a) Factual matters alleged in the notice and not denied in the answer shall be presumed admitted;
   (b) Failure to raise a particular defense in the answer will be considered a waiver of such defense;
   (c) New matters alleged in the answer (affirmative defenses) shall be presumed to be denied by the agency; and
   (d) Evidence shall not be taken on any issue not raised in the notice and the answer.

(5) When an answer is required, the party or party's attorney may amend the response and answer, but no later than 10 days before the scheduled contested case hearing.

---

**NOTICE TO ACTIVE DUTY SERVICEMEMBERS**: Active duty servicemembers have a right to stay these proceedings under the federal Servicemembers Civil Relief Act. For more information contact the Oregon State Bar at 800-452-8260, the Oregon Military Department at 800-452-7500, or the nearest United States Armed Forces Legal Assistance Office through http://legalassistance.law.af.mil.

**State of Oregon**
**BOARD OF EXAMINERS**
**FOR ENGINEERING &**
**LAND SURVEYING**

670 Hawthorne Avenue, SE
Suite 220
Salem, Oregon 97301

tel. 503.362.2666
email: osbeels@osbeels.org
Web: www.oregon.gov/osbeels

Office Use Only - Date Received:

Office Use Only - Date Entered/Paid:

Office Use Only - ID #

## Response Options Form

Mark the section below which indicates your response to the Notice of Intent (NOI).

☐ 1. I/We do not wish to contest this matter.

☐ Full penalty payment enclosed

☐ Need to establish payment plan (See Page 2)

☐ 2. I/We request a hearing in order to preserve the right to a hearing, but would like to attempt to resolve this matter through an informal conference with the OSBEELS Law Enforcement Committee. My/Our response, in accordance with Oregon Administrative Rule (OAR) 820-001-0015, if applicable, is attached.

☐ 3. I/We request a hearing. My/Our response, in accordance with OAR 820-001-0015, if applicable, is attached.

| Print Name | OSBEELS Case Number |
|---|---|
| | |
| Signature | Date (Mo/Day/Yr) |

Please mail this form, payment plan form, payment or response to the following address:
**Oregon State Board of Examiners for Engineering and Land Surveying**
Attn: Regulation Department
670 Hawthorne Ave SE Suite 220
Salem, OR 97301

---

**Oregon State Board of Examiners for Engineering and Land Surveying**
Response, updated 04/11/2013

tel. 503.362.2666
email: osbeels@osbeels.org

**Complaint Ex. 3**
**Page 17 of 18**



**Response Options Form**
**Page 2 of 2**

## Payment Plan

☐ I shall pay OSBEELS $100 per month for consecutive months until my civil penalty is paid in full. If my balance is less than $100, I shall pay the remaining balance in the last consecutive month. My payments shall begin the month following the month my Final Order by Default is issued.

I understand my payments, as part of the above payment plan, must be paid by the 15th day of each month. If I default on this payment plan, I understand that my civil penalty will be payable, in full, 70 days from the date my Final Order by Default is issued. If I fail to return this form with my response to the Notice of Intent (NOI), my full penalty shall be due and payable in full 70 days from the date my Final Order by Default is issued.

| Signature (Please sign in the presence of a Notary Public) | Date |
|---|---|
| | |

## Notary Use

| Witness | |
|---|---|
| State of: | Place Official Seal below |
| County of: | |
| Date (Mo/Day/Yr): | |
| Signature | |
| Notary Public - State of: | |

**Oregon State Board of Examiners for Engineering and Land Surveying**
Response, updated 04/11/2013

tel. 503.362.2666
email: osbeels@osbeels.org

**Complaint Ex. 3**
**Page 18 of 18**