ELLEN F. ROSENBLUM
Attorney General
CHRISTINA L. BEATTY-WALTERS  #981634
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Tina.BeattyWalters@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATS JARLSTROM, | Case No.  3:17-cv-00652-SB |
| Plaintiff, | |
| v. | DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT |
| CHRISTOPHER D. ALDRIDGE, WILLIAM J. BOYD, DAREN L. CONE, SHELLY MC DUQUETTE, JASON J. KENT, LOGAN T. MILES, RON SINGH, DAVE M. VAN DYKE, SEAN W. ST. CLAIR, AMIN WAHAB, and OSCAR J. ZUNIGA JR., in their official capacities as members of the Oregon State Board of Examiners for Engineering and Land Surveying, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

*LR 7-1 Certification*

Counsel for defendants conferred with counsel for plaintiff about the subject of this

motion and the relief requested via telephone, but the parties could not resolve the dispute.

## MOTION

Christopher D. Aldridge, William J. Boyd, Daren L. Cone, Shelly Duquette, Jason J. Kent, Logan T. Miles, Ron Singh,[1] Dave M. VanDyke, Sean W. St. Clair, Amin Wahab, and Oscar J. Zuniga, Jr. (collectively "Defendants" or "Board"), move for the entry of a judgment in favor of Plaintiff, Mats Jarlstrom, that grants relief on his constitutional claims on an as-applied basis but otherwise grants no relief.

This motion is supported by the following Memorandum of Law as well as a proposed draft Judgment attached hereto as Exhibit 1.

## MEMORANDUM OF LAW

### I.    Summary of Argument

Defendants admit the key facts alleged in the complaint and admit liability on Plaintiff's as-applied First Amendment challenges to Oregon's engineering title and practice statutes.  As a result, Plaintiff is entitled to entry of judgment on those claims.  Plaintiff may resist entry of judgment at this stage, however, in favor of litigating the facial validity of the statutes.  But judgment should be entered now, and the case closed, because facial validity is not legitimately at issue in this case.

At several places in his Complaint, but without elaboration, Plaintiff asserts the challenged statutes are invalid "on their face."  Because the statutes are clearly not invalid in all their applications, Plaintiff probably intends to argue the statutes are overbroad.  But to the extent he does, the court should decline to address the issue.  The Supreme Court has declined to consider an overbreadth challenge where a plaintiff failed to demonstrate that the challenged statute would impact speech that is more likely to be protected than his own.  Plaintiff has the same problem here.  Further, courts decline to address overbreadth when the plaintiff also brings, and prevails on, an as-applied challenge.  Because Plaintiff is admittedly entitled to judgment on

---

[1] Named Defendant Ron Singh is no longer a member of the Board and, as a result, under Fed. R. Civ. P. 25(d), his successor will automatically be substituted for him as a defendant when the successor is appointed.  A successor has not yet been appointed.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

his as-applied challenge here, and because there is little genuine danger that the statutes will compromise rights of third parties, the court need not address overbreadth.

## II.    Factual and procedural background

Plaintiff, Mr. Jarlstrom, asserts and Defendants admit the following facts:  Plaintiff is an Oregon resident who runs an audio-product testing business and who studies traffic-light timing in his spare time.  Complaint, ¶¶ 8, 15, 16; Answer, ¶¶ 7, 9, 10.  As part of his study, Plaintiff has analyzed the mathematical issues involved in traffic light timing.  Complaint, ¶ 16; Answer, ¶ 10. Plaintiff developed the view that the accepted mathematical formula for calculating the duration of yellow lights is incomplete, and he developed what he represents to be an improved traffic light formula.  Complaint, ¶¶ 17, 37; Answer, ¶¶ 11, 26.  He presented his views to local and national media outlets, policymakers, the creator of a well-known traffic signal formula, and the Board.  Complaint, ¶¶ 18, 20, 23; Answer, ¶¶ 12, 14, 17.  He also presented his calculations to the local news media and represented himself to be an engineer.  Complaint, ¶¶ 36–37.  Answer, ¶¶ 25–26.  And he presented his views to the Washington County Sheriff.  Complaint, ¶ 40; Answer, ¶ 29.  Plaintiff is not a licensed professional engineer in Oregon or any other jurisdiction.  Complaint, ¶ 28; Answer, ¶ 22.

The Board opened an investigation into whether Mr. Jarlstrom practiced engineering without a license and unlawfully used the title "engineer."  Complaint, ¶ 43; Answer, ¶ 32. Ultimately, the Board issued a Notice of Intent to Assess a Civil Penalty finding that Mr. Jarlstrom violated the engineering practice law as well as the title law and proposing a $500 penalty.  Complaint, ¶¶ 71–77; Answer, ¶¶ 49–55.  Plaintiff paid the $500 penalty, and the Board subsequently issued a Final Order by Default.  Complaint, ¶¶ 79, 81; Answer, ¶¶ 57, 59.

Plaintiff asserts four claims for relief.  The first two claims challenge the statutes prohibiting the unlicensed practice of engineering under the First Amendment's Speech Clause (first claim) and Petition Clause (second claim).  Complaint, ¶¶ 103–114, 115–125.  He alleges in both claims that the statutes are invalid as applied to his speech and "on their face."

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Complaint, ¶¶ 107, 112–13, 118, 123–24.  In the third and fourth claims, Plaintiff asserts that

Oregon's engineering title statutes violate the First Amendment's Speech Clause (third claim)

and Petition Clause (fourth claim), both facially and as applied.  Complaint, ¶¶ 129, 133–35, 140,

144–45.

      In their Answer, the Defendants admit violating Mr. Jarlstrom's rights, but deny the

challenged statutes are facially invalid.  Specifically, in response to the first two claims,

Defendants admit that the Board's regulation of Plaintiff's speech violated his rights under both

the Speech and Petition Clauses.  Answer, ¶¶ 83, 93.  Similarly, Defendants admit in response to

the third and fourth claims that their interpretation of the engineering title statutes to prohibit

Plaintiff's use of the term "engineer" to describe himself in the manner alleged in the Complaint

violated his rights under the Speech and Petition Clauses.  Answer, ¶¶ 103, 114.  Defendants

deny facial invalidity.  Answer, ¶¶ 79, 84, 89, 94, 99, 105, 110, 115.

## III.    Argument

### A.    Because no factual or legal issues remain to be decided, judgment should be entered in favor of Plaintiff on the as-applied constitutional challenges.

      Defendants admit that their application of the statutes to Plaintiff under the facts alleged

violated his rights under the First Amendment.  Answer, ¶¶ 82–83, 92–93, 103, 114.  Defendants

admit that their regulation of Mr. Jarlstrom under the engineering practice statutes was not

narrowly tailored to any compelling state interests.  Answer, ¶¶ 82, 92.  And Defendants admit

that their application of the engineering title statutes to Mr. Jarlstrom "in a noncommercial and

nonprofessional setting and when no commercial or professional relationship was being

solicited" violated his First Amendment rights.  Answer, ¶¶ 103, 114.  As a result, and because

there are no factual or legal issues remaining to be addressed, Mr. Jarlstrom is entitled to entry of

judgment in his favor on his claims that Defendants' application of the statutes and associated

administrative rules to him was unconstitutional.  A suggested form of judgment is attached as

Exhibit 1.

Page 4 -    DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT
TBW/c4m/8406394-v5

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**B.    The court should not address facial validity.**

Plaintiff may contest the entry of the proposed judgment on the ground that it does not adjudicate the facial validity of the challenged statutes.  However, the court should not address facial validity in this case because the Plaintiff will receive all the relief to which he is entitled on his as-applied theory.  Further relief is especially unnecessary here where the Defendants have conceded their error.

**1.    Standards for facial and as-applied First Amendment challenges.**

First Amendment challenges to statutes can be brought on an as-applied or a facial basis. "An as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular speech activity, even though the law may be capable of valid application to others" and "does not implicate the enforcement of the law against third parties." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998), *as amended on denial of reh'g* (July 29, 1998).  "A successful as-applied challenge does not render the law itself invalid but only the particular application of the law." *Id.* at 635.

In the First Amendment context, a statute can be facially unconstitutional for one of two reasons: "either because it is unconstitutional in every conceivable application, or because it seeks to prohibit such a broad range of protected conduct that it is unconstitutionally 'overbroad.'" *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 796 (1984) ("*Vincent*"); *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1271 (9th Cir. 2017) (quoting *Foti*, 146 F.3d at 635).  The first type of challenge for facial invalidation, that a statute is unconstitutional in every conceivable application, necessarily includes the law's application to the plaintiff.  Plaintiffs pursuing this type of facial attack have standing to vindicate their own constitutional rights. *Vincent*, 466 U.S. at 796–97.  A successful challenge of this type invalidates the entire law . *Id.* at 797–98.

The second type of facial challenge, "overbreadth," gives standing to parties who would not otherwise have standing.  It was created by the Court "for laws that are written so broadly

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

that they may inhibit the constitutionally protected speech of third parties." *Id.* at 798.  The

"overbreadth doctrine" was predicated on "a judicial prediction or assumption that the statute's

very existence may cause others not before the court to refrain from constitutionally protected

speech or expression." *Id.* at 798–99 (quoting *Broadrick v. Oklahoma*, 413 U.S. 601,

612 (1973).  These challenges may be brought by a plaintiff "whose own speech or expressive

conduct may validly be prohibited or sanctioned." *Brockett v. Spokane Arcades, Inc.*, 472 U.S.

491, 503 (1985).  In other words, if a court concludes that a law was validly applied to the

plaintiff, the plaintiff would still have standing on behalf of third parties to challenge the law's

overbreadth.

　　The Court has explained that "[i]f the overbreadth is 'substantial,' the law may not be

enforced against anyone, including the party before the court, until it is narrowed to reach only

unprotected activity, whether by legislative action or by judicial construction or partial

invalidation." *Id*. at 503–04.  But in order for a statute to be challenged as overbroad, "there

must be a realistic danger that the statute itself will significantly compromise recognized First

Amendment protections of parties not before the Court. . . ." *Vincent*, 466 U.S. at 801.

Invalidation under the overbreadth doctrine is "strong medicine" that has been "employed by the

Court sparingly and only as a last resort." *Broadrick*, 413 U.S. at 613; *see also U.S. v. Williams*,

553 U.S. 285, 293 (2008) (noting that application of overbreadth is "strong medicine" that must

not be "casually employed") (citation omitted).

　　　　　2.　　Plaintiff's allegations of "facial" invalidity.

　　Plaintiff includes conclusory allegations in the Complaint that the challenged statutes are

"invalid on their face" under the Speech and Petition Clauses.  Complaint, ¶¶ 113, 124, 135, 145.

The allegations do not specify whether this attempted facial challenge is on overbreadth grounds

or on the ground that the statutes are allegedly unconstitutional in all applications.  But,

regardless, neither facial charge would be appropriately considered here.

Page 6 -    DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

3.    **Plaintiff does not and cannot assert the statutes are invalid in all applications**

The laws Plaintiff challenges are plainly not "unconstitutional in every conceivable application," and therefore are not subject to this type of facial attack. *Vincent*, 466 U.S. at 796; *First Resort, Inc.*, 860 F.3d at 1271. Plaintiff cannot reasonably dispute that the Board can validly regulate both professional and commercial speech. Under the professional speech doctrine, "states have the power to regulate professions as well as the power to regulate the speech that occurs within the practice of the profession." *Nat'l Inst. of Family & Life Advocates v. Harris*, 839 F.3d 823, 839 (9th Cir. 2016) (petition for certiorari docketed by *Nat'l Inst. Of Family and Life Advocates, DBA, NIFLA, et al. v. Xavier Becerra, Attorney General of Cal., et al.*, U.S. March 21, 2017) (internal citations omitted). In fact, the Ninth Circuit has explained that "the First Amendment tolerates a substantial amount of speech regulation within the professional-client relationship that it would not tolerate outside of it." *Pickup v. Brown*, 740 F.3d 1208, 1228 (9th Cir. 2014). Speech is considered professional speech when it "occurs within the confines of a professional's practice." *Nat'l Inst. of Family & Life Advocates,* 839 F.3d at 839. Of course, engineers are professionals and the aim of the statutory scheme in question is to regulate the practice of engineering. Statutes define the "practice of engineering" and require that those engaging in the practice be registered to practice. ORS 672.005(1); ORS 672.020(1). Per statutory requirement, the Board has even adopted rules prescribing standards of professional conduct for engineers. *See* ORS 672.255(1)(c); OAR 820-020-0005 to OAR 820-020-0050.

Additionally, the Board can validly regulate commercial speech. Commercial speech is "expression related solely to the economic interests of the speaker and its audience" or "speech proposing a commercial transaction." *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 561–62 (1980) ("*Central Hudson*"). States "may freely regulate commercial speech that concerns unlawful activity or is misleading." *Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 623–24 (1995). If commercial speech neither concerns unlawful activity

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

nor is misleading, it may still be regulated if the state meets the three part test described in *Central Hudson*. *See Central Hudson*, 447 U.S. at 564–71; *see, e.g., Florida Bar*, 515 U.S. at 634 (upholding regulation of direct mail solicitations by attorneys to accident victims).  The statutes challenged here prohibit persons who are not registered engineers from soliciting engineering business and from representing that they are registered engineers, both examples of commercial speech that government has leeway to regulate.  *See* ORS 672.007(1)(a), (b).

Because the Board can legitimately regulate both professional and commercial speech, plaintiff cannot, and thus far does not, assert that the statutes in question are unconstitutional in all applications.

### 4.    It would not be appropriate to address overbreadth here.

To the extent that Plaintiff has attempted to challenge the statutes as overbroad, Plaintiff's attempt fails for two reasons.  First, Plaintiff has not indicated that the challenged laws will impact others' free speech rights more significantly than they have impacted his own.  Under this circumstance, the Supreme Court counsels that addressing overbreadth would be inappropriate.  Second, courts frequently decline to address overbreadth challenges once the challenged statute is found invalid as applied.  For both reasons, the court should decline to address overbreadth here and should enter judgment for plaintiff only on the as-applied challenge.

In *Vincent*, the Court declined to address overbreadth because the plaintiffs had not demonstrated that the challenged ordinance would apply to third parties' speech differently than it would apply to their own.  466 U.S. at 802.  The plaintiffs there challenged a city ordinance prohibiting the posting of signs on public property.  *Id.* at 792–93.  The plaintiffs were supporters of a candidate for city council who had posted the candidate's signs on public property.  *Id.* After the city removed the signs, the plaintiffs filed suit challenging the ordinance both as applied and on overbreadth grounds.  *Id.* at 793–96.  Addressing overbreadth first, the Court held that it would be inappropriate to address overbreadth because plaintiffs "failed to identify any

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

significant difference between their claim that the ordinance is invalid on overbreadth grounds and their claim that it is unconstitutional when applied to their political signs." *Id*. at 802.  More specifically, plaintiffs "have not attempted to demonstrate that the ordinance applies to any conduct more likely to be protected by the First Amendment than their own crosswires signs." *Id*.  The Court found no "realistic danger" that the rights of third parties would be compromised. *Id*.  The Court, therefore, considered only the "concrete case before us," meaning, the as-applied challenge. *Id*. at 803.

The reasoning in *Vincent* applies equally well here.  Plaintiff purports to seek relief only on behalf of himself and others who are similarly situated to him.  He explains that he "brings this federal civil-rights lawsuit to vindicate his and others' constitutional right to speak out on any topic—however complex it may be—and to describe themselves truthfully using the word 'engineer.'"  Complaint, ¶ 2.  Similarly, he alleges that the statutes "prohibit and prevent [him] from describing himself publicly using the word 'engineer,' and these laws are enough to chill or silence other persons of ordinary firmness from speaking in this way."  Complaint, ¶ 102. Plaintiff does not attempt to draw a distinction between the impact on his rights and the impact on the rights of others, nor does he suggest that there is a category of speech that is more protected than his speech that is in danger of being compromised.

Perhaps just as significantly, Defendants admit that they violated Plaintiff's rights and advocate in this motion for the entry of a permanent injunction *against them and in favor of Plaintiff*.  Accordingly, there can be no "realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Vincent*, 466 U.S. at 801.  Under these circumstances, maybe more so than in *Vincent,* it would be inappropriate to address overbreadth.[2]

---

[2] *See Gospel Missions of Am. v. City of Los Angeles,* 419 F.3d 1042, 1050 (9th Cir. 2005) (stating that religious organization's facial challenge on behalf of other religious organizations "is not technically an 'overbreadth' claim, because GMA is such an organization"); *Josephine Havlak Photographer, Inc. v. Vill. of Twin Oaks,* 864 F.3d 905, 912 (8th Cir. 2017) (declining to address overbreadth  because the plaintiff "presents no allegedly unconstitutional scenarios affected by the Village ordinance beyond her own commercial photography"); *Van Bergen v. State of*

Page 9 -    DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT
TBW/c4m/8406394-v5

The court should not address overbreadth for another, related, reason.  Courts often decline to address overbreadth after they have found a challenged statute to be invalid as applied to the plaintiff.  This makes sense because overbreadth was created to enable plaintiffs whose as applied challenge *fails* because their speech is *not* protected to nevertheless challenge the statute on the ground that it compromises the rights of third parties not before the court.  In that situation a plaintiff can still get effective relief by invalidating a statute on overbreadth grounds, even though the statute was constitutionally applied to it.  On the other hand, when the plaintiff succeeds in proving an as-applied challenge, the need for further relief is less clear.  In *Board of Trustees of State Univ. of New York v. Fox*, 492 U.S. 469, 484–85 (1989), the Supreme Court explained that "[i]t is not the usual judicial practice, however, nor do we consider it generally desirable, to proceed to an overbreadth issue unnecessarily—that is, before it is determined that the statute would be valid as applied."  The Supreme Court there remanded with directions to consider the as-applied challenge and then, only if the as-applied challenge fails, to consider the overbreadth challenge.  *Id.* at 486.  Additionally, in one of the primary cases on which Plaintiff relied in his preliminary injunction motion, *Serafine v. Branaman*, 810 F.3d 354, 362 (5th Cir. 2016), the court declined to address overbreadth after finding one of the challenged

---

*Minnesota,* 59 F.3d 1541, 1549 (8th Cir. 1995) (noting that "[i]n order to support a claim of overbreadth, the party before the court must identify a significant difference between his claim that the statute is invalid on overbreadth grounds, and his claim that it is unconstitutional as applied to his particular activity," and declining to address overbreadth because the plaintiff failed to meet that standard); *D.L.S. v. Utah,* 374 F.3d 971, 976 (10th Cir. 2004) (holding that the plaintiff failed to establish overbreadth standing where he "focused on the unconstitutionality of the statute as applied to his own conduct and has not demonstrated that the ordinance applies to any third party's conduct that would be more likely to be protected by the First Amendment"); *Faustin v. City of Denver,* 268 F.3d 942, 948 (10th Cir. 2001) ("The overbreadth doctrine does not apply where there is no significant difference between the claim that the ordinance is invalid because of overbreadth and the claim that it is unconstitutional when applied to the plaintiff's own activities."); *Mahoney v. District of Columbia,* 662 F.Supp.2d 74, 85 (D.D.C. 2009), *aff'd sub nom. Mahoney v. Doe,* 642 F.3d 1112 (D.C. Cir. 2011) ("'[W]hen, as here, the plaintiffs are themselves engaged in protected activity—when the challenged statute would have no greater impact upon the rights of nonparties than it would have upon the rights of the parties before the Court—there is no need to employ a traditional overbreadth analysis.'" (quoting *Waters v. Barry,* 711 F.Supp. 1125, 1133 (D.D.C. 1989)).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

statutes invalid as applied.  (It addressed a facial challenge to another statute, but the plaintiff did not assert an as applied challenge to that provision.)  Other courts have ruled similarly.[3]

  The principles applied in these cases should apply with more force here.  Not only has Plaintiff succeeded on his as-applied claims, but also Defendants agree with Plaintiff's position and have conceded their error.  In short, Plaintiff will receive complete relief on his as-applied challenge and no further relief is necessary.  Declining to address overbreadth here would also be consistent with two "cardinal rules governing federal courts:  one, never to anticipate a question of constitutional law in advance of the necessity of deciding it; the other never to formulate a rule of constitutional law broader than that required by the precise facts to which it is to be applied."  *Brockett*, 472 U.S. at 501 (internal quotations omitted).  The Supreme Court has described the overbreadth doctrine as "strong medicine" that is employed "sparingly and only as a last resort."  *Broadrick*, 413 U.S. at 613.  Because Plaintiff will, as he should, receive his as-applied relief, the strong medicine of overbreadth should not be considered here.

  For all these reasons, the court should not reach the question of overbreadth in this case.  And because the Complaint and Answer filed in this case show that Plaintiff is entitled

---

[3] *See Jacobsen v. Howard*, 109 F.3d 1268, 1274–75 (8th Cir. 1997) (holding the district court erred by addressing overbreadth before addressing an as-applied challenge); *United States v. Popa*, 187 F.3d 672, 678 (D.C. Cir. 1999) (declining to address overbreadth after holding the statute invalid as applied); *U.S. v. Cassidy*, 814 F. Supp. 2d 574, 587 (D. Md. 2011) (declining to address overbreadth where court held statute invalid as applied); *Mahoney*, 662 F. Supp. 2d at 85–86 (granting motion to dismiss overbreadth claim where as applied claim was also asserted); *see also Brockett*, 472 U.S. at 502–04 n.12 (1985) (declining to address overbreadth and addressing only as applied challenge); *Spence v. State of Washington*, 418 U.S. 405, 414 n.9 (1974) (declining to reach overbreadth argument where statute was found to be invalid as applied); *U.S. v. National Treasury Employees Union*, 513 U.S. 454, 477–80 (1995) (limiting relief to the parties before the Court because, in part, "we neither want nor need to provide relief to nonparties when a narrower remedy will fully protect the litigants").

Courts are not uniform in this approach, however.  In *Lind v. Grimmer*, 30 F.3d 1115 (9th Cir. 1994), the Ninth Circuit addressed a facial challenge after finding the statute invalid as applied.  However, although the Ninth Circuit used overbreadth language, it noted that the state failed to offer "plainly constitutional" applications of the statute, and it found the statute "patently unconstitutional."  *Id*. at 1122–23.  As the Supreme Court has explained, courts have sometimes used the language of overbreadth when what they truly meant was that the statute is facially invalid because it is incapable of constitutional application.  *See Secretary of State of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947, 965 n.13 (1984).  *Lind* appears to be such a case.

Page 11 -  DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT
  TBW/c4m/8406394-v5

to relief on his as-applied constitutional challenge, the proposed judgment submitted with this motion should be entered, which will resolve all claims.

## IV.    Conclusion

The motion for entry of judgment on the as-applied claims should be granted and judgment should be entered consistent with the terms in Exhibit 1.

DATED September  18 , 2017.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


    *s/ Christina L. Beatty-Walters*
CHRISTINA L. BEATTY-WALTERS #981634
CARLA A. SCOTT  #054725
Senior Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Tina.BeattyWalters@doj.state.or.us
Carla.A.Scott@doj.state.or.us
Of Attorneys for Defendants

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000