ELLEN F. ROSENBLUM
Attorney General
CHRISTINA L. BEATTY-WALTERS  #981634
CARLA A. SCOTT #054725
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Tina.BeattyWalters@doj.state.or.us
            Carla.A.Scott@doj.state.or.us

Attorneys for Defendants


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATS JARLSTROM,<br><br>               Plaintiff,<br><br>    v.<br><br>CHRISTOPHER D. ALDRIDGE, WILLIAM J. BOYD, DAREN L. CONE, SHELLY MC DUQUETTE, JASON J. KENT, LOGAN T. MILES, RON SINGH, DAVE M. VAN DYKE, SEAN W. ST. CLAIR, AMIN WAHAB, and OSCAR J. ZUNIGA JR., in their official capacities as members of the Oregon State Board of Examiners for Engineering and Land Surveying,<br><br>               Defendants. | Case No.  3:17-cv-00652-SB<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT |

**I.      Summary of Argument**

      Plaintiff opposes the entry of the proposed judgment in his favor in part because he is not

satisfied with the terms.  Yet he proposes no alternative.  There is no dispute that plaintiff is

Page 1 -    DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
     TBW/c4m/8568866-v1

entitled to as-applied relief, and there is no reason to delay entering judgment, whether or not the court enters the proposed form of judgment. Plaintiff also suggests that the proposed as-applied judgment is little more than a promise to comply with the law. Plaintiff is wrong. Defendants offer a judgment that can be enforced and that is consistent with the judgments entered in the cases plaintiff relies upon. Further, plaintiff suggests that there is a dispute the court must resolve about commercial or professional speech. But there is no dispute. The parties agree that Mr. Jarlstrom's speech qualifies as neither commercial nor professional speech. No factual or legal issues remain on the as-applied challenges.

Plaintiff also opposes the entry of judgment because he seeks overbreadth relief as well as as-applied relief. But he does not address the Supreme Court's admonition that overbreadth relief is relief of last resort nor the numerous authorities declining to address overbreadth once a plaintiff secures as-applied relief. Though Plaintiff cites a case in which the Ninth Circuit addressed overbreadth and as-applied relief, that one authority does not require this court do the same. It is the rare case in which a court addresses both forms of relief. Because plaintiff is entitled to prevail on his as-applied claim and because as-applied relief will give him all the relief to which he is entitled, the court should exercise its authority not to address overbreadth.

## II.    Argument

### A.    Plaintiff can and should receive complete relief without further delay.

Plaintiff objects to the entry of relief proposed by Defendants on the ground that it amounts to a "promise to enforce the law more responsibly going forward." (Plaintiff's Response, Doc. #50, p. 10). That could not be further from the truth. Defendants are proposing that the court enter *permanent declaratory and injunctive relief* against them. In a judgment. They are not asking plaintiff—or the court—to dismiss the suit based on assurances of future compliance. They do not contend that the suit is moot simply because they have vacated the Board's order and returned Mr. Jarlstrom's money. A judgment is not a gratuitous promise. It can be enforced.

Page 2 -    DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT

Plaintiff also argues the scope of the proposed judgment is insufficient because it includes carve-outs for commercial and professional speech.  Plaintiff does not apparently disagree that commercial and professional speech can validly be regulated.  But he argues that the court must—in its judgment in this case—fully and completely identify what exactly comprises commercial and professional speech so that the judgment is not "worthless."  (Plaintiff's Response, Doc. #50, p. 11).  He insists the court do so despite the fact that no party argues in this case that Mr. Jarlstrom engaged in commercial or professional speech. Plaintiff's argument misses the mark.

First, the parties agree that no commercial or professional speech is at issue in this case. To the extent plaintiff suggests otherwise, he is attempting to manufacture a dispute that does not exist.  (*See* Plaintiff's Response, Doc. #50, p. 12) ("As the Board sees it, therefore, much of the speech Mats wishes to engage in could well qualify as 'professional' or 'commercial,' or arising in that 'context.'").  Plaintiff's entire case is premised on the argument that Mr. Jarlstrom's speech is protected—not on the premise that it might or might not be.  And Defendants have clearly conceded that the speech for which he was cited is protected and, therefore, not subject to either the commercial or professional speech doctrines.

Second, plaintiffs would have this court violate bedrock principles of constitutional law. Courts should "neither 'anticipate a question of constitutional law in advance of the necessity of deciding it' nor 'formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied.'"  *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 451 (2008).  Yet that is what Plaintiff suggests the court should do by arguing that this court should clarify the "uncertain" law on commercial speech and the doctrine of professional speech, which he characterizes as "one of the least developed areas," in the as-applied relief entered in this case.  (Plaintiff's Response, Doc. #50, p. 11).  This case does not present that opportunity.  There is not a dispute about it for the court to resolve.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiff also objects to the form of the proposed declaratory relief and the proposed injunctive relief.  He objects to the declaratory relief on the ground that it is allegedly retrospective rather than prospective.  But plaintiff misunderstands the nature of declaratory relief in an as-applied constitutional challenge.  In an as-applied challenge, the court reviews the regulation that the governmental entity applied and makes a determination about whether that regulation did or did not violate the person's constitutional rights:  "An as-applied First Amendment challenge contends that a given statute or regulation is unconstitutional as it has been applied to a litigant's particular speech activity."  *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 608 F.3d 1084, 1096 (9th Cir. 2010).

Plaintiff objects to the proposed injunctive term on the ground that it does not comply with Fed. R. Civ. P. 65(d)(1) because the reference to commercial and professional speech is "hopelessly open-ended."  (Plaintiff's Response, Docket No. 50, p. 20).  Defendants disagree. The content of the proposed judgment makes clear that Mr. Jarlstrom's speech about traffic lights and his references to himself as an engineer are protected.  But that protection is not unqualified, and it is reasonable for the judgment to reflect that fact.  The authorities Plaintiff cites do not suggest that legal issues not in dispute must be decided and reduced to judgment. Litigation just doesn't work that way.

The judgments in the two cases on which plaintiff relies most heavily for his substantive arguments are instructive as to the form of both declaratory and injunctive relief.  In *Rosemond v. Markham*, 135 F. Supp. 3d 574 (E.D. Ky. 2015), which was an as-applied challenge to a psychology board's regulation of an advice columnist, the court entered the following relief:

> (3) Kentucky's Psychology Practice Act, Ky. Rev. Stat. §§ 319.005 *et seq.* and its Associated regulations were **UNCONSTITUTIONALLY APPLIED** to Rosemond's advice column and also as to Rosemond's description of himself as a family psychologist.
>
> (4) The Board is **PERMANENTLY ENJOINED** from enforcing these laws in an unconstitutional manner against Rosemond or others similarly situated.
>
> 135 F. Supp 3d at 590; *see also Rosemond v. Markham*, E.D. Ky., Case No. 3:13-cv-00042-GFVT-EBA, Doc. #48, p. 21 (Memorandum Opinion and Order); Doc. #49 (Judgment).

Page 4 -    DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
TBW/c4m/8568866-v1

*Serafine v. Branaman*, 810 F.3d 354 (5th Cir. 2016) was a facial and as-applied challenge to a psychology board's regulation of a candidate's political campaign speech. The judgment entered on remand declared the challenged statute "unconstitutional as applied to Plaintiff Mary Louise Serafine's political campaign speech." *See Serafine v. Branaman*, W.D. Tex., Case No. 1:11-cv-1018-LY, Doc. #140, p. 2 (Judgment). The court further enjoined the board from enforcing the statute "against Serafine for political speech." *Id*. Even the facial relief granted in *Serafine* contained the carve-out "except in the context of commercial speech." *Id*.

The judgments in these cases were limited, in other words, to the facts at issue and to the legal issues actually resolved. The declaratory relief in both cases declares the statute unconstitutional as it had been applied to the plaintiff. And the injunctive terms proposed here are similar or even more specific than the terms entered in those cases. The injunction entered in *Rosemond* is less descriptive than the proposed injunction here. In *Serafine*, the as applied injunctive term was limited to *Serafine*'s "political speech," which was not further defined. Nor was the phrase "except in the context of commercial speech" defined or further described in the facial relief. As in *Serafine* and *Rosemond*, this court should enter relief that is no broader than necessary but is faithful to the facts raised and legal issues resolved.

It is notable that, although Plaintiff complains bitterly about the proposed terms, he offers no alternative. Further litigation will not better inform the court about either the factual or legal issues relevant to the as-applied challenge. Of course, the court is certainly free to develop alternative terms, and the Defendants will abide by them. In Defendants' view, it is appropriate and necessary to limit both the injunctive and declaratory terms to the conduct that caused the board to take action and to the legal issues in dispute. Such relief should be entered on the as-applied challenge without further delay.

### B.    The court can and should decline to entertain facial relief.

Plaintiff misunderstands the basis for Defendants' argument that the court should not consider overbreadth in this case. Defendants argue not that the court *cannot* consider the facial

Page 5 -    DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
TBW/c4m/8568866-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

challenge here but that, as a prudential matter, it should not.  Defendants acknowledge that the Supreme Court has not always considered itself limited by the specific scope of relief requested by the parties.  But that is certainly not the norm.  Nor does it mean that this court is required in this case to evaluate and resolve both the as-applied and facial challenges.  As other courts have done in similar circumstances, the court here should enter the as-applied relief to which Plaintiff is entitled and then close the case because Plaintiff will have received all the relief to which he is entitled.

Notably, Plaintiff ignores the Supreme Court's pronouncement in *Board of Trustees of State Univ. of New York v. Fox*, 492 U.S. 469, 484-85 (1989) that "[i]t is not the usual judicial practice, however, nor do we consider it generally desirable, to proceed to an overbreadth issue unnecessarily—that is, before it is determined that the statute would be valid as applied."  In *Fox*, the Court remanded with instructions to consider the overbreadth challenge *only* if the as-applied challenge fails.  *Id.* at 486.  Plaintiff also ignores the Fifth Circuit's decision in *Serafine* not to consider the plaintiff's overbreadth challenge once the plaintiff had prevailed on her as-applied challenge.  *Serafine*, 810 F.3d at 364.  And he ignores the list of authorities cited in the Defendants' Motion for Entry of Judgment similarly declining to address overbreadth and limiting rulings to the as-applied challenge. *See Jacobsen v. Howard*, 109 F.3d 1268, 1274–75 (8th Cir. 1997) (holding the district court erred by addressing overbreadth before addressing an as-applied challenge); *United States v. Popa*, 187 F.3d 672, 678 (D.C. Cir. 1999) (declining to address overbreadth after holding the statute invalid as applied); *U.S. v. Cassidy*, 814 F. Supp. 2d 574, 587 (D. Md. 2011) (declining to address overbreadth where court held statute invalid as applied); *Mahoney v. District of Columbia,* 662 F.Supp.2d 74, 85-86 (D.D.C. 2009), *aff'd sub nom. Mahoney v. Doe,* 642 F.3d 1112 (D.C. Cir. 2011) (granting motion to dismiss overbreadth claim where as applied claim was also asserted); *see also Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 502–04 n.12 (1985) (declining to address overbreadth and addressing only as applied challenge); *Spence v. State of Washington*, 418 U.S. 405, 414 n.9 (1974) (declining to

Page 6 -    DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
TBW/c4m/8568866-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

reach overbreadth argument where statute was found to be invalid as applied); *U.S. v. National Treasury Employees Union*, 513 U.S. 454, 477–80 (1995) (limiting relief to the parties before the Court because, in part, "we neither want nor need to provide relief to nonparties when a narrower remedy will fully protect the litigants").  It isn't true that courts have always considered overbreadth challenges when they are asserted or that plaintiffs are entitled to have those challenges heard in every case.

Yet Plaintiff insists that the court address facial validity here.  First, he argues that Defendants—or the court—would somehow diminish plaintiff's "power" if the court declined to address facial validity.  But plaintiff could have limited his constitutional claims to a facial attack if he was more interested in protecting third parties than himself.  He did not.  *See Serafine*, 810 F.3d at 363-64 (addressing facial challenge to statutory provision that plaintiff did not challenge as-applied but addressing only as-applied challenge to other provision).  Where, as here, plaintiff brings and is entitled to prevail on an as-applied challenge, that relief will make him whole.  Further relief isn't necessary.  The court is entitled—as many other courts have done—to decline to address overbreadth in this situation.

Second, Plaintiff presents a laundry list of cases that he says demonstrate that courts "regularly" address both overbreadth and as applied challenges or overbreadth instead of as applied challenges.  (Plaintiff's Response, Docket #50, pp.16-19).  But the cases do not support either proposition.  The plaintiffs in the majority of the cited cases did not even *raise* an as-applied challenge.  *See United States v. Stevens*, 559 U.S. 460, 473 n. 3 (noting that "no as-applied claim has been preserved"); *Powell's Books, Inc. v. Myers*, 599 F. Supp. 2d 1226, 1235 (D. Or. 2008), *reversed by Powell's Books v. Kroger*, 622 F.3d 1202 (9th Cir. 2010) ("While an as-applied challenge theoretically could exist in this case, Powell's Books has not brought it."); *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 939 (9th Cir. 1997) (stating that the plaintiffs "challenge the ordinance's constitutionality on its face"); *Tucker v. State of Cal. Dept. of Educ.*, 97 F.3d 1204, 1209 (9th Cir. 1996) (addressing only facial validity and noting that

Page 7 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

district court addressed only facial validity as well); *BSA, Inc. v. King County*, 804 F.2d 1104

(9th Cir. 1986) (addressing pre-enforcement facial validity of ordinances banning nude dancing).

*C.f. Yniguez v. Arizonans for Official English*, 69 F.3d 920 (9th Cir. 1995) *vacated by*

520 U.S. 43 (1997) (noting, in opinion that has been vacated, that addressing facial validity is

appropriate where the "provision in question 'in all its applications. . . operates on a

fundamentally mistaken premise'").  Several of the cases were pre-enforcement challenges to

statutes or ordinances.  Under those circumstances, an as-applied challenge makes little sense

because the challenged law has not yet been applied by the governmental entity.  *See Powell's

Books, Inc. v. Myers*, 599 F. Supp. 2d 1226, 1235 (D. Or. 2008), *reversed by Powell's

Books v. Kroger*, 622 F.3d 1202 (9th Cir. 2010) ("While an as-applied challenge theoretically

could exist in this case, Powell's Books has not brought it."); *BSA, Inc. v. King County*,

804 F.2d 1104 (9th Cir. 1986) (addressing pre-enforcement facial validity of ordinances banning

nude dancing).

   The couple of cases Plaintiff cited raising both as-applied and facial challenges are

distinguishable.  In one case, the as-applied challenge was an equal protection challenge, not a

First Amendment challenge.  In *Board of Airport Commissioners of Los Angeles v. Jews for

Jesus, Inc.*, 482 U.S. 569, 572 (1987), the claim was "that the resolution had been applied to

Jews for Jesus in a discriminatory manner," which is not a First Amendment claim.  *See

Whren v. United States*, 517 US 806, 813 (1996) (noting that "the constitutional basis for

objecting to intentionally discriminatory application of laws is the Equal Protection Clause[.]").

In another case, both as-applied and facial claims were permitted to proceed beyond the pleading

stage.  *Microsoft Corp. v. United States Dept. of Justice*, 233 F. Supp. 3d 887 (W.D. Wash.

2017).  But, notably, the Defendant disputed both challenges so it was unclear at that point

whether the plaintiff could prevail on either challenge.  These authorities do not help plaintiff.

   Third, Plaintiff claims *Lind v. Grimmer*, 30 F.3d 1115 (9th Cir. 1994), is fatal to

Defendants' position.  Plaintiff is wrong.  First, it is distinguishable.  But even if it weren't, *Lind*

Page 8 -    DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

does not stand for the proposition that courts must always consider and address both as-applied and overbreadth challenges.  It just demonstrates that in rare cases, sometimes courts address both.

*Lind* involved a statute that required investigations of campaign spending violations to be kept secret.  The court found the statute's prohibitions to be "patently unconstitutional."  30 F.3d at 1122.  It did not identify any—*not even one*—example of a valid application of the statute. The state also failed to offer a single example of a valid application of the statute.  30 F.3d at 1123.  The court did allow for the possibility that an application could be constitutional, but it expressly did not find that any application would be.  *Id*.  Courts have, as the Supreme Court has noted, not always been clear about which facial validity standard they employ and sometimes even use overbreadth language when they intend to hold a statute is facially invalid in all circumstances.  *See Secretary of State of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947, 965 n. 13 (1984) (noting that courts sometimes use the language of overbreadth when they intend to hold a statute facially invalid in all circumstances).  A statute that has no clearly valid applications is not just overbroad but invalid in all applications.  So *Lind* is questionable authority for the proposition that overbreadth should be addressed even when as-applied relief is granted.

But again, even taking the opinion at face value, that single authority does not require this court to follow suit.  Though it may be appropriate in rare cases to address both the as applied and facial challenge, it isn't appropriate here.

Fourth, Plaintiff next attempts to distinguish *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789 (1984) ("*Vincent*")*.*  He argues the Court's decision not to address overbreadth depended on the failure of the as-applied claim.  But the Court there analyzed the appropriateness of addressing the overbreadth challenge *first*, before analyzing the as-applied challenge.  Plaintiff is wrong that the overbreadth analysis depended in some way on the yet-to-be-discussed as-applied analysis.  What the court did find relevant,

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

though, in its overbreadth analysis was a factor that also exists in this case:  the plaintiffs did "not argue that the ordinance can never be validly applied."  466 U.S. at 802.  That is true here too, despite plaintiff's protestations about the lack of clarity or development of the commercial and professional speech doctrines.  *Vincent*, like the cases ignored by Plaintiff, demonstrates that it is not always necessary or appropriate to address an overbreadth challenge when an as-applied challenge is also considered.  In those cases where the plaintiffs "have not attempted to demonstrate that the ordinance applies to any conduct more likely to be protected by the First Amendment than" their own conduct, there is no reason to address more than the as-applied challenge.  *Id*.  That is true here, where plaintiff seeks facial relief on behalf of persons "similarly situated" to plaintiff.  Complaint, ¶¶ 2, 102.

Relief on overbreadth grounds is "strong medicine" that should be employed "sparingly and only as a last resort."  *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973).  It is not necessary to consider this remedy of last resort here because Plaintiff is entitled to prevail on his as-applied challenge.

C.    **No disputed issues of fact remain.**

Plaintiff complains that judgment should not be entered now because the parties' "factual and legal positions are defined by their pleadings alone."  (Plaintiff's Response, Docket #50, p. 20).  But that is the function of pleadings:  to define the factual and legal issues.  Here, there are no disputed facts.  Defendants have admitted them in their Answer, which establishes them for the purposes of this case.  As a result, there is no need for continued litigation and the court can enter judgment based on the relevant legal principles.  With respect to the parties' legal positions, Defendants have conceded violating Plaintiff's rights.  As a result, Plaintiff is entitled to judgment on his as-applied challenges.  And for all the reasons described above and in Defendants' motion, the court should decline to address overbreadth.  Providing a mechanism for the court to address these issues is the function of the Defendants' motion.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiff insists that factual and legal issues remain on the overbreadth challenge and that Defendants are asking the court to "resolve numerous disputed questions" in their favor. (Plaintiff's Response, Doc. #50, p. 20). Plaintiff is wrong for a couple of reasons. First, as plaintiff's argument implies, no disputed factual issues remain on the as-applied challenge. So there is no reason to delay resolving it. Second, overbreadth is a purely legal issue, not a factual one: "Whether a statute is facially unconstitutional is a matter of law, which this court reviews de novo." *Lind*, 30 F.3d at 1121. For that reason, discovery would not be appropriate, even were the court to entertain a facial challenge. Third, the point of Defendants' motion is not to ask the court to resolve overbreadth, but to decline to address it. So the question about whether discovery is appropriate in an overbreadth challenge need not be resolved if the court declines to address overbreadth.

Plaintiff argues that the Defendants seek to have the court resolve overbreadth "while insisting that the court shouldn't decide that issue." (Plaintiff's Response, Docket #50, p. 21). That is not the case. Defendants addressed both types of facial challenge in their motion because the nature of Plaintiff's facial challenge was not revealed by his Complaint. Now that Plaintiff has confirmed his facial challenge is an overbreadth challenge, Defendants and the court need not guess.

Plaintiff's argument suggests that there is a dispute here about commercial or professional speech. He suggests the Defendants have the burden to prove their regulation of commercial or professional speech advances governmental interests. (Plaintiff's Response, Docket #50, p. 16-17). Again, no such issue is presented by this case because Mr. Jarlstrom's speech qualifies as neither type of speech. This case does not present the question of whether the Board's regulation of commercial or professional speech is valid because the Defendants are not defending the Board's actions under either doctrine. Plaintiff's argument (as well as his discovery requests) reveals his fundamental misunderstanding as to the scope and breadth of discovery and litigation.

Page 11 -  DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
TBW/c4m/8568866-v1

Nothing about Defendants' motion for entry of judgment is at odds with procedural rules. Where no factual issues remain and Defendants concede having violated the law, it is perfectly consistent with the rules to file a motion asking the court to enter judgment. Particularly in a case like this one, in which Plaintiff seeks to recover his attorney fees, Defendants who concede violating the law should not be forced to wait until the Plaintiff is "ready" to resolve the case. For all the reasons described above and in the Defendants' motion, plaintiff will receive all the relief to which he is entitled in his as-applied challenges and no further relief should be entertained.

## III.    Conclusion

Because plaintiff is entitled to have judgment entered in his favor on his claims for relief, and because the court should not address overbreadth for all the reasons described above, judgment on his as-applied challenges should be entered in favor of Plaintiff without further delay.

DATED October  30 , 2017.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Christina L. Beatty-Walters*
CHRISTINA L. BEATTY-WALTERS #981634
CARLA A. SCOTT #054725
Senior Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Tina.BeattyWalters@doj.state.or.us
Carla.A.Scott@doj.state.or.us
Of Attorneys for Defendants

Page 12 -  DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
TBW/c4m/8568866-v1