ELLEN F. ROSENBLUM
Attorney General
CHRISTINA L. BEATTY-WALTERS  #981634
CARLA A. SCOTT #054725
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Tina.BeattyWalters@doj.state.or.us
         Carla.A.Scott@doj.state.or.us

Attorneys for Defendants


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATS JARLSTROM,<br><br>                    Plaintiff,<br><br>          v.<br><br>CHRISTOPHER D. ALDRIDGE, WILLIAM J. BOYD, DAREN L. CONE, SHELLY DUQUETTE, JASON J. KENT, LOGAN T. MILES, RON SINGH, DAVE M. VAN DYKE, SEAN W. ST. CLAIR, AMIN WAHAB, and OSCAR J. ZUNIGA JR., in their official capacities as members of the Oregon State Board of Examiners for Engineering and Land Surveying,<br><br>                    Defendants. | Case No.  3:17-cv-00652-SB<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO PLAINTIFF'S PROPOSED JUDGMENT |

Defendants submit this supplemental brief in response to Plaintiff's proposed form of

judgment submitted during Monday's hearing.  Defendants oppose both the proposed facial and

as-applied terms in the proposed form of judgment.

Page 1 -    DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO PLAINTIFF'S
             PROPOSED JUDGMENT

The proposed judgment would adjudicate the facial validity of the statutes.  Defendants oppose both the consideration of facial validity and the entry of facial relief in any form. Defendants oppose consideration of facial validity for all the reasons described in the briefs filed in support of Defendants' Motion for Entry of Judgment.  In short, *Board of Trustees of State University of New York v. Fox*, 492 U.S. 469, 484-86 (1989) teaches that an as-applied challenge should be addressed first and an overbreadth challenge should only be considered when an as-applied challenge fails.  Defendants cited numerous cases applying that rule.  In addition, to entertain an overbreadth challenge, the court must make a threshold determination that there is a "realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Members of City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 801 (1984).  Otherwise, there would be no reason to consider overbreadth.  No such danger exists here.

Yet, if the court decided to address overbreadth here, then before the court could enter facial relief, it would have to conclude that the overbreadth is "not only . . . real, but substantial as well, judged in relation to the statute's plainly legitimate sweep."  *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973).  There is no basis for facial relief here because that standard is not met, but defendants would appreciate having the opportunity to brief the issue should the court decide to address it.  In any event, three points merit brief mention.  First, the proposed facial injunctive terms demonstrate why addressing overbreadth is inappropriate in this case.  Plaintiff seeks injunctive relief on behalf of "all others similarly situated."  Yet, to address overbreadth, the court would need to find that the statute "applies to . . . conduct more likely to be protected by the First Amendment than" plaintiff's own activities. *Vincent*, 466 U.S. at 802.  Plaintiff cannot meet that standard given that he only wants to protect people in the same position as himself.  And because he only wants to protect others like him, an overbreadth remedy is no more effective than an as-applied remedy.  Second, it is not categorically unlawful for a professional board to regulate the commercial and/or the professional speech of non-licensees.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Yet that would be the impact of entering the proposed facial terms.  Third, even if the court were inclined to impose relief on facial grounds, "the overbreadth doctrine does not apply to commercial speech," so commercial speech must be excepted from any facial relief that were to be entered.  *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982).  The overbreadth doctrine should similarly not apply to professional speech for the same reasons that it does not apply to commercial speech.  As a result, the terms of any facial relief entered should be as limited as the as-applied terms Defendants have already proposed.

Defendants also object to the proposed as-applied terms.  The declaratory as-applied terms both are inconsistent with the First Amendment and broader than justified by the facts of this case.  On the legal question, the parties agree that the speech for which Mr. Jarlstrom was punished can be classified as neither commercial nor professional speech.  But the Board unquestionably does retain authority under First Amendment law to regulate those categories of speech.  *See Nat'l Inst. of Family & Life Advocates v. Harris*, 839 F.3d 823, 839 (9th Cir. 2016) (petition for certiorari docketed by *Nat'l Inst. Of Family and Life Advocates, DBA, NIFLA, et al. v. Xavier Becerra, Attorney General of Cal., et al.*, U.S. March 21, 2017) (stating that states may regulate professional speech); *Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 623–24 (1995) (stating that states may regulate misleading commercial speech); *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 561–62 (1980) (stating that states may regulate commercial speech that is not misleading and does not involve unlawful activity).  The judgment should reflect that fact.  Otherwise, if the judgment were entered as proposed, Mr. Jarlstrom would permanently be permitted to solicit any engineering business and engage in any engineering work he desired, whether that includes traffic engineering or designing bridges, buildings, or other structures in Oregon, with impunity and regardless of his qualifications (which have not been established and are not at issue in this case) or the impact on public health and safety.  Moreover, because no commercial or professional speech is at issue in this case, the

Page 3 -    DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO PLAINTIFF'S
            PROPOSED JUDGMENT
        TBW/c4m/8649171-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

entry of such a broad ruling would not be justified by the facts established in this case and would, as a result, constitute an advisory opinion that exceeds the court's authority.

Defendants' objections to the proposed as-applied injunctive terms are narrower.  First, the limitation of the proposed injunction to a "paid employment or contractual relationship" presupposes that all professional and commercial speech occurs in the context of such a relationship.  That is not always the case.  Speech by which a person seeks to solicit a paid relationship can constitute commercial speech.  And free professional advice can threaten public safety just as surely as paid professional advice.  Second, the injunctive term that would permit Mr. Jarlstrom to refer to himself as an engineer in *any* context would allow him to use that term in a misleading way to suggest that he is a licensed engineer.  Defendants have the absolute right to regulate the use of the term "engineer" in that context as misleading commercial speech. *See Central Hudson Gas & Elec. Corp.*, 447 U.S. at 557 (misleading commercial speech is not protected by the First Amendment).

In short, Defendants object to the both the facial and as-applied relief proposed by plaintiff.

DATED December  8 , 2017.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


    *s/ Christina L. Beatty-Walters*
CHRISTINA L. BEATTY-WALTERS #981634
CARLA A. SCOTT #054725
Senior Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Tina.BeattyWalters@doj.state.or.us
Carla.A.Scott@doj.state.or.us
Of Attorneys for Defendants

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000