IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATS JÄRLSTRÖM,

        Plaintiff,

v.

CHRISTOPHER D. ALDRIDGE, WILLIAM J. BOYD, DAREN L. CONE, SHELLY MC DUQUETTE, JASON J. KENT, LOGAN T. MILES, RON SINGH, DAVE M. VAN DYKE, SEAN W. ST. CLAIR, AMIN WAHAB, and OSCAR J. ZUNIGA JR., in their official capacities as members of the Oregon State Board of Examiners for Engineering and Land Surveying,

        Defendants.

Case No. 3:17-cv-00652-SB

**OPINION AND ORDER**

**BECKERMAN, Magistrate Judge.**

    Plaintiff Mats Järlström filed suit against the members of the Oregon State Board of Examiners for Engineering and Land Surveying ("Defendants") challenging the constitutionality of Oregon laws and regulations governing the practice of engineering and the use of the title "engineer." Plaintiff alleges that the challenged laws violate the First Amendment's free speech protections, both on their face and as applied to Plaintiff's conduct. (Compl. ¶¶ 103-46.)

PAGE 1 – OPINION AND ORDER

Defendants admit many of the facts alleged in Plaintiff's complaint and admit liability on Plaintiff's as-applied challenges. (Answer ¶¶ 83, 93, 103, 114.) Defendants now move for entry of judgment. (ECF No. 43.) Plaintiff opposes the motion. (ECF No. 50.)

**BACKGROUND**

Plaintiff Mats Järlström is a resident of Washington County, Oregon, a lawful permanent resident of the United States, and a citizen of Sweden. (Compl. ¶ 8; Answer ¶ 7.) Plaintiff earned the equivalent of a Bachelor of Science degree in electrical engineering in Sweden and has spent his career working in the field of electronics. (Compl. ¶¶ 12-15; Answer ¶ 9.) He is not a licensed professional engineer in Oregon. (Compl. ¶ 28; Answer ¶ 22.)

In May 2013, Plaintiff became interested in traffic light timing after his wife received a "red-light-camera" ticket. (Compl. ¶ 11; Answer ¶ 9.) Plaintiff spent the last three years analyzing the mathematical formula for the duration of a yellow traffic light. (Compl. ¶ 15; Answer ¶ 9.) Specifically, Plaintiff believes the current formula used for traffic light timing is incomplete because it only accounts for drivers who proceed straight through a yellow light and does not account for drivers who must slow to make a legal turn. (Compl. ¶ 17; Answer ¶ 11.)

Defendants are members of the Oregon State Board of Examiners for Engineering and Land Surveying. (Compl. ¶ 9; Answer ¶ 8.) The Defendants' agency is charged with administering and enforcing the Professional Engineer Registration Act. (Compl. ¶ 9; Answer ¶ 8.)

In September 2014, Plaintiff emailed Defendants offering to present his theories about traffic light timing to the Board, and asking for "support and help" in presenting those ideas. (Compl. ¶¶ 24-25; Answer ¶¶ 18-19.) Two days later Defendants responded, informing Plaintiff that they had no authority over traffic lights, but they did have authority over engineering laws, which Plaintiff was violating by using the title "engineer" and the statement "I'm an engineer."

PAGE 2 – OPINION AND ORDER

(Compl. ¶¶ 26-27; Answer ¶¶ 20-21.) In their response, Defendants advised Plaintiff to stop using those references until he registered with the Board. (Compl. ¶ 29; Answer ¶ 23.) Over the following months, Plaintiff continued to talk about his ideas with the public, including the National Council of Examiners for Engineering and Surveying, the *60 Minutes* news program, a local news station, and the physicist who created the original traffic light timing formula. (Compl. ¶¶ 31-32; Answer ¶ 23.) In at least one of those communications, and in subsequent emails to the Defendants, Plaintiff described himself as an "engineer." (Compl. ¶ 37; Answer ¶ 26.)

In November 2016, Defendants fined Plaintiff $500 for violating sections 672.020 and 672.045(1) and (2) of the Oregon Revised Statutes, and section 820-010-0730 of the Oregon Administrative Rules. (Compl. ¶¶ 72-74; Answer ¶¶ 50-52.) Those laws, along with sections 672.002(2), 672.005(1)(a)-(b), and 672.007(1) of the Oregon Revised Statutes are referred to as Oregon's "engineering practice" and "engineering title" laws. (Compl. ¶ 56; Answer ¶ 43.) Together, the laws regulate the profession of engineering in Oregon, specifically who may call themselves an engineer, what constitutes the practice of engineering, and who may legally participate in the practice of engineering. (Compl. ¶¶ 51-55; Answer ¶¶ 39-42.)

In addition to its investigation of Plaintiff's activities, the Board has investigated other speech for violations of the challenged laws, including speech contained in voter pamphlets, a complaint letter sent to the Board, court testimony, a political advertisement, and a magazine article. (Compl. ¶¶ 57-61; Answer ¶ 43.) Neither party provides details about the specific speech at issue or the results of those investigations.

In April 2017, Plaintiff filed this suit alleging that Oregon's engineering practice and engineering title laws violate the First Amendment's Speech and Petition clauses both facially and as-applied to Plaintiff. (Compl. ¶¶ 103-146; Answer ¶¶ 76-116.) In September 2017, Defendants filed a motion for entry of judgment admitting that the Board violated Plaintiff's speech and petition rights, and asking the court not to address the facial claims. (Mot. for Entry of J. at 4-5.) Plaintiff objects to the motion on the ground that Defendants' proposed judgment fails to provide all the relief Plaintiff seeks. (Resp. to Mot. for Entry of J.; Suppl. Br. in Resp.)

## ANALYSIS

### I. STANDARD OF REVIEW

Defendants' motion for entry of judgment is procedurally unusual. The Federal Rules of Civil Procedure do not address the standard by which a court reviews such a motion. One court, reviewing a similar motion, determined that a district court may grant a motion for entry of judgment, "even over the opposition of the nonmoving party, if (1) there is no genuine issue of material fact at issue, (2) the nonmoving party is entitled to judgment as a matter of law, and (3) the motion offers to the nonmoving party the fullest relief available under the law." *Judicial Watch Inc. v. U.S. DOC*, 34 F. Supp. 2d 28, 42 (D.D.C. 1998).

The first two elements of this standard are those courts apply to resolve motions for summary judgment. Fed. R. Civ. P. 56(c). Although the parties have not completed discovery, Defendants have filed an answer. (ECF No. 37.) The resulting body of operative facts makes the summary judgment standard a more appropriate tool than the standards used to resolve more preliminary motions for judgment on the pleadings. *Compare* Fed. R. Civ. P. 56 *with* Fed. R. Civ. P. 12.

The final requirement—that the nonmoving party receive full relief—derives from prudential principles governing a district court's jurisdiction. A matter may be rendered moot if a

PAGE 4 – OPINION AND ORDER

party agrees to everything the other party demands. *See, e.g.*, *Spencer-Lugo v. Immigration & Naturalization Serv.*, 548 F.2d 870, 870 (9th Cir. 1977) (dismissing case where INS provided all of the relief petitioners sought). However, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot" and the court retains jurisdiction. *Chafin v. Chafin*, 568 U.S. 165, 166 (2013) (quotation marks omitted).

Although neither party expressly advocated for this standard in their filings, each implicitly adopted it in the body of their arguments. The Court, therefore, adopts this legal standard here, and denies Defendants' motion because, at this stage, the Court cannot determine that a judgment in favor of Plaintiff on his as-applied claims provides the fullest relief available to him under the law.

## II. DISCUSSION

Plaintiff seeks declaratory and injunctive relief. (Compl. ¶¶ 114, 125, 136, 146.) Specifically, he asks that the Court declare Oregon's engineering practice and title laws unconstitutional, both as applied to him and on their face, and that the Court enjoin Defendants from enforcing those laws against him and any other individual. (*Id.*)

Defendants admit that they violated Plaintiff's rights by punishing his speech, and agree to be enjoined from doing so in the future. Defendants argue that once the Court resolves Plaintiff's as-applied challenge in his favor, the Court should not consider his overbreadth claim, and, therefore, their proposed judgment provides all of the relief available to him under the law. Defendants acknowledge that the Court has the authority to reach Plaintiff's overbreadth challenge, but they urge that it should not do so here. (Reply at 6.)

The general rule of standing requires that a court only adjudicate the rights of the parties before it. *Members of City Council of City of Los Angeles v. Taxpayers for Vincent et al*, 466 U.S. 789, 798 (1984). The overbreadth doctrine provides an exception to this rule in the First

PAGE 5 – OPINION AND ORDER

Amendment context. *Id.* It permits a plaintiff to challenge the constitutionality of a statute, even if the law has not circumscribed the plaintiff's own protected speech. This third-party standing rule is "predicated on 'a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.'" *Id.* at 799 (*quoting Broadrick v. Okla.*, 413 U.S. 601, 612 (1973)). In other words, a statute's chilling effect may silence all would-be challengers, leaving an unconstitutional law unchecked if not for a third-party standing rule.

Even though overbreadth provides an important First Amendment protection, a court should address an as-applied challenge first. *Bd. of Trustees of St. U. of N.Y. v. Fox,* 492 U.S. 469, 485-86 (1989). A facial overbreadth challenge is more difficult to resolve because it "requires determination whether the statute's overreach is *substantial*, not only as an absolute matter, but judged in relation to the statute's plainly legitimate sweep." *Id.* at 485 (quotation marks omitted) (emphasis in original). This "requires consideration of many more applications than those immediately before the court," in contrast to the concrete nature of an as-applied challenge. *Id.*

Furthermore, an as-applied challenge may obviate the need for overbreadth review. "[W]here the parties challenging the statute are those who desire to engage in protected speech that the overbroad statute purports to punish . . . [t]here is then no want of a proper party to challenge the statute, no concern that an attack on the statute will be unduly delayed or protected speech discouraged." *Brockett v. Spokane Arcades,* 472 U.S. 491, 504 (1985). Thus, if the statute's only unconstitutional application is against the type of speech the plaintiff engaged in, then the court can invalidate that portion of the statute and it need not address overbreadth. *See Taxpayers for Vincent*, 466 U.S. at 801 (refusing to reach overbreadth because "we have found

nothing in the record to indicate that the ordinance will have any different impact on any third parties' interests in free speech than it has on [the plaintiffs]").

However, if the statute threatens more types of conduct than the plaintiff presents, the need for an overbreadth challenge persists. This was precisely the situation in *Lind v. Grimmer, 30 F.3d 1115 (1994)*. In that case, the plaintiff sought to invalidate a Hawaii law requiring confidentiality around campaign spending investigations. The court held that the law was unconstitutional as applied to the plaintiff's speech, but went on to assess overbreadth because "after striking the portion of [the statute] that is unconstitutional as applied to Lind, and even assuming that the statute may have some constitutional applications, we are left with the fact that [the statute] has numerous other potential applications that are unconstitutional." *Lind*, 30 F.3d at 1122; *see also Nunez by Nunez v. City of San Diego,* 114 F.3d 935, 949 (1997) (calling the distinction between as applied and overbreadth challenges to be a "technical academic point").

In the present case, Plaintiff and Defendants agree that Defendants unconstitutionally applied the challenged laws to Plaintiff's conduct. The parties do not agree, however, that Plaintiff's case represents the gamut of unconstitutional applications of these laws. In fact, the pleadings list other examples of Board investigations into activities quite different than Plaintiff's—e.g., voter pamphlets, court testimony, and political advertisements. (Compl. ¶¶ 57-61; Answer ¶ 43.) At this stage in the proceedings, there is not enough information to determine whether Plaintiff's successful as-applied challenge will obviate the need for an overbreadth analysis, and the Court cannot determine at this juncture whether Defendants' proposed judgment provides Plaintiff the fullest relief to which he is entitled as a matter of law. Accordingly, the Court denies Defendants' motion for entry of judgment.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendants' Motion for Entry of Judgment. ([ECF No. 43](ECF No. 43).)

DATED this 14th day of December, 2017.

_____
STACIE F. BECKERMAN
United States Magistrate Judge