William J. Ohle (OSB 913866)†
SCHWABE, WILLIAMSON & WYATT P.C.
PacWest Center
1211 SW Fifth Avenue, Suite 1900
Portland, OR  97204
Phone:   (503) 222-9981
E-mail:  wohle@schwabe.com

Samuel B. Gedge (VA Bar No. 80387)*
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA  22203
Phone:   (703) 682-9320
E-mail:  sgedge@ij.org

*Attorneys for Plaintiff*

†   Designated local counsel
*   Admitted *pro hac vice*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| MATS JÄRLSTRÖM,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER D. ALDRIDGE, WILLIAM J. BOYD, DAREN L. CONE, SHELLY MC DUQUETTE, JASON J. KENT, LOGAN T. MILES, RON SINGH, DAVE M. VAN DYKE, SEAN W. ST. CLAIR, AMIN WAHAB, and OSCAR J. ZUNIGA JR., in their official capacities as members of the Oregon State Board of Examiners for Engineering and Land Surveying,<br><br>　　　　　　　Defendants. | Case No.: 3:17-cv-00652-SB<br><br>**PLAINTIFF JÄRLSTRÖM'S SUR-REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

To aid the Court in resolving this case, Plaintiff Järlström submits this sur-reply to address three points that first arose at the October 10, 2018 summary-judgment hearing.

*First*, the Board proposed new permanent-injunctive language to protect Järlström against enforcement of the engineer-title law. Under the agreed preliminary injunction, the Board cannot enforce the title law against Järlström for "describ[ing] himself publicly and privately using the word 'engineer.'" Agreed Prelim. Inj. ¶ 2 (ECF 34). For the permanent injunction, by contrast, the Board now proposes the following language:

> Plaintiff Järlström may describe himself publicly and privately using the word "engineer" to any media, government officials or entities, or in communications directed to the general public as long as Plaintiff Järlström either (1) makes clear that he is not a licensed engineer in Oregon or (2) is neither soliciting business or offering services the performance of which would require a license under ORS 672.002 et seq.

Unlike Paragraph 2 of the agreed preliminary injunction, this language raises far more questions than answers. For example, it is not clear who—if anyone—would fall outside the scope of "media, government officials or entities, or . . . the general public." Likewise, given the Board's confusion about what its practice law covers, it would be cold comfort to condition the injunction on whether future Board members say Järlström has acted in a way that "require[s] a license." By contrast, Paragraph 2 of the agreed preliminary injunction delineates and protects Järlström's First Amendment right to use one word—engineer—without fear of government punishment. This paragraph has been in effect for over a year. The sky hasn't fallen. And the Board has offered no good reason why this provision should not serve as the model for the permanent injunction.

*Second*, in defense of the practice law, the Board also offered a new interpretation of the interplay between Sections 672.005(1)(a)-(b)—part of the definition of "practice of engineering"—and Section 672.060(5), the exception for do-it-yourself engineering projects. The

Board continues to argue that Sections 672.005(1)(a)-(b) cover only engineering-related activities "for or on behalf of someone else." Defs.' Summ. J. Reply 4 (ECF 85). As discussed in Järlström's reply brief, however, that reading would conflict not only with the statute's text (which reaches "[a]ny . . . creative work"), but also with the statutory exception for do-it-yourself engineering. To address this second conflict, the Board suggested for the first time at oral argument that the do-it-yourself exception might not apply to Sections 672.005(1)(a)-(b) at all. Instead, the Board proposed jury-rigging the exception so that it applies to Sections 672.005(1)(c)-(f), but not to Sections 672.005(1)(a)-(b).

As with the Board's other proposed rewrites, this one, too, lacks merit. It is divorced from the statute's text. It is in tension with at least one state-court decision. *See Becklin v. Bd. of Exam'rs for Eng'g & Land Surveying*, 97 P.3d 1216, 1217-18, 1228-29 (Or. Ct. App. 2004). It diverges from at least one Department of Justice opinion. *See* Mem. from K. Lozano to M. Lopez, at 2 (Apr. 1, 2015), https://tinyurl.com/y7krqtnn. And it ignores the law's history; far from complementing Sections 672.005(1)(c)-(f) alone, the do-it-yourself exception predates each of those sub-provisions by over two decades. *Compare* Or. Rev. Stat. §§ 672.005, 672.060(7) (1973), https://tinyurl.com/y8s6so2r, *with* Or. Laws 1997, ch. 210, § 2, *and* Or. Laws 2005, ch. 445, § 7.

Of course, all this distracts from a more troubling point: Even half-way through oral argument, the Board *still* was changing its mind about what the practice law means. That is proof positive of the need for facial relief. *Cf.* Pl.'s Summ. J. Reply 23-25 (ECF 82). For all its inconsistencies, the Board's position leaves one thing clear: The agency will continue enforcing the practice law against people—like Dale La Forest, Suji Somasundaram, and Roger Knight— who write and speak about technical topics "for or on behalf of someone else." Defs.' Summ. J.

Reply 4. A law that infringes such speech cannot be squared with the First Amendment. For "the constitutional right to free speech is not conditioned on the status of the speaker as an individual or as a representative of others." *Fraternal Order of Police v. Mayor & City Council*, 916 F.2d 919, 922 (4th Cir. 1990); *cf. Brinkman v. Budish*, 692 F. Supp. 2d 855, 862 (S.D. Ohio 2010) (applying strict scrutiny to invalidate ban on former legislators' working as lobbyists). Put simply, the Board's latest interpretation distorts the practice law and compounds the First Amendment problems. It should be rejected, and the Court should declare the practice law facially invalid.

    *Third*, the Board announced that in certain (murky) circumstances, testifying as an expert witness still would trigger the practice law. Not only does this position raise its own First Amendment concerns—and impair the truth-seeking function of the courts—it also marks yet another interpretive about-face. Only five months ago, the Board purported to "exclude[]" from the practice law "testimony in a court of law or before a public body." Stip. Facts ¶ 8 & Ex. 8, at 2 (ECF 71-1). The Board's position now is anyone's guess, which only underscores the need for facial relief.

Dated: October 24, 2018.

Respectfully submitted,

/s Samuel B. Gedge

| | |
|---|---|
| William J. Ohle (OSB 913866)† | Samuel B. Gedge (VA Bar No. 80387)* |
| Jill S. Gelineau (OSB 852088) | INSTITUTE FOR JUSTICE |
| SCHWABE, WILLIAMSON & WYATT P.C. | 901 North Glebe Road, Suite 900 |
| PacWest Center | Arlington, VA  22203 |
| 1211 SW Fifth Avenue, Suite 1900 | Phone: (703) 682-9320 |
| Portland, OR  97204 | Fax:    (703) 682-9321 |
| Phone: (503) 222-9981 | E-mail: sgedge@ij.org |
| Fax:    (503) 796-2900 | |
| E-mail: wohle@schwabe.com | Wesley Hottot (WA Bar No. 47539)* |
|         jgelineau@schwabe.com | Institute for Justice |
| | 600 University Street, Suite 1730 |
| Kelly M. Walsh (OSB 993897) | Seattle, WA  98001 |
| SCHWABE, WILLIAMSON & WYATT PC | Phone: (206) 957-1300 |
| 700 Washington Street Suite 701 | Fax:    (206) 957-1301 |
| Vancouver, WA  98660 | E-mail: whottot@ij.org |
| Phone: (360) 694-7551 | |
| Fax:    (360) 693-5574 | *Attorneys for Plaintiff* |
| E-mail: kwalsh@schwabe.com | |
| | † Designated local counsel |
| | |
| | * Admitted *pro hac vice* |