ELLEN F. ROSENBLUM
Attorney General
CHRISTINA L. BEATTY-WALTERS  #981634
CARLA A. SCOTT  #054725
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Tina.BeattyWalters@doj.state.or.us
       Carla.A.Scott@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATS JARLSTROM,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER D. ALDRIDGE, WILLIAM J. BOYD, DAREN L. CONE, SHELLY DUQUETTE, JASON J. KENT, LOGAN T. MILES, RON SINGH, DAVE M. VAN DYKE, SEAN W. ST. CLAIR, AMIN WAHAB, and OSCAR J. ZUNIGA JR., in their official capacities as members of the Oregon State Board of Examiners for Engineering and Land Surveying,<br><br>    Defendants. | Case No.  3:17-cv-00652-SB<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF JARLSTROM'S SUR-REPLY |

      Defendants, members of the Oregon State Board of Examiners for Engineering and Land Surveying, ("Board") file this brief to respond to the three points raised in Plaintiff's Sur-reply in

Page 1 -   DEFENDANTS' RESPONSE TO PLAINTIFF JARLSTROM'S SUR-REPLY
    TBW/c4m/9239891-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Support of his Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment.

Plaintiff opposes the Defendants' form of as-applied relief under the title statute.[1] Plaintiff objects to the list of persons and entities. The list is intended to clarify that there is not a limit with respect to whom Plaintiff may identify himself as an engineer. Defendants do not object to eliminating the list. Plaintiff also objects to the additional language because he contends that the Board is confused "about what its practice law covers." (Surreply, p. 2; Doc #88-1.) But, except for the Board's admittedly erroneous application of the practice statute to Plaintiff, the Board is not confused and has not changed its position, including during the course of this litigation, about the actions the practice statute covers. Moreover, the Court in this case will interpret the statute, and the final judgment in this case will govern the Board's actions.

Plaintiff also suggests allowing him to call himself an engineer in any context and for any purpose whatsoever is appropriate because, since the preliminary injunction was entered, the "sky has not fallen." (Surreply, p. 2; Doc #88-1.) But that misses the point. The title statute is a prophylactic measure designed to prevent unlicensed (and therefore unqualified) people from soliciting others for the performance of engineering work. Any permanent as-applied relief should be consistent with that statute.

In his sur-reply brief, Plaintiff also addresses the statutory exception in ORS 672.060(5). Plaintiff had previously argued that the Board's interpretation of the statutory language makes the statute internally inconsistent because ORS 672.060(5) contains the word "individual." At oral argument, counsel for the Board pointed out that that exception (like the rest of the exceptions) applies not only to ORS 672.005(1)(b) but also ORS 672.005(1)(c)-(f), which define

---

[1] Defendants suggested at the October 10 hearing the following form of judgment on the as-applied title act claims: Plaintiff Jarlstrom may describe himself publicly and privately using the word "engineer" to any media, government officials or entities, or in communications directed to the general public as long as Plaintiff Jarlstrom either (1) makes clear that he is not a licensed engineer in Oregon or (2) is neither soliciting business or offering services the performance of which would require a license under ORS 672.002 et seq.

Page 2 -    DEFENDANTS' RESPONSE TO PLAINTIFF JARLSTROM'S SUR-REPLY
     TBW/c4m/9239891-v1

land surveying conduct that constitutes the practice of engineering. The point is that the conduct described in ORS 672.005(1)(c)-(f) could certainly include conduct performed by an individual on her own land. The term "individual" within the ORS 672.060(5) exception is not, therefore, superfluous. There is no internal inconsistency in the Board's statutory interpretation.

Plaintiff characterizes the Board's position on this point in his surreply erroneously. Plaintiff suggests that the Board argued that the statutory exception does not apply at all to ORS 672.005(1)(b). But that is incorrect. By its terms the exception does apply to ORS 672.005(1)(b). For that same reason, neither *Becklin v. Board of Examiners for Engineering and Land Surveying*, 195 Or. App. 186 (2004) nor the cited legal advice memorandum is inconsistent with the Board's view of ORS 672.060(5).

Plaintiff also argues that the Board's interpretation cannot stand because the statutory exception predates the addition of ORS 672.005(1)(c)-(f) to the statute. But that, although true, is of no consequence. Prior to the adoption of the current definition of the practice of engineering, land surveying was considered to be a branch of engineering. The practice of engineering was defined as of 1971 as "the practice of any branch of the profession of engineering[,]* * * including but not limited to" certain provided examples. 1971 Or. Laws Ch. 751, § 2(1). The same section defined the "practice of land surveying" to mean "the practice of that branch of the profession of engineering which * * * makes surveys to determine area or topography* * * makes surveys to establish lines, grades or elevations, or determines or estimates quantities of materials required, removed or in place." 1971 Or. Laws Ch. 751, § 2(3). That description of land surveying is very similar to the language currently contained in ORS 672.005(1)(c), and (d).

Plaintiff urges the Court to strike down the practice law as unconstitutional because he argues that practicing engineering unchecked by regulatory authorities is a First Amendment right. If that were true, then practicing law, psychiatry, psychology, medicine, nursing, architecture and literally every other profession would be off-limits to state regulation. Anyone

Page 3 -    DEFENDANTS' RESPONSE TO PLAINTIFF JARLSTROM'S SUR-REPLY
TBW/c4m/9239891-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

would be able to practice any profession with absolute impunity. No legal authority supports that position.

Finally, Plaintiff argues that the Board took the position that testifying as an expert witness would trigger the practice law. Plaintiff cites nothing to support that statement. It is incorrect. A person engaged to perform engineering analysis and provide advice about a specific project, whatever the context, triggers the practice law. Nothing about pursuing Mr. Somasundaram or Mr. La Forest for their engineering advice about a specific project is inconsistent with the engineering practice statute or the First Amendment.

Because the practice statute is fully consistent with the First Amendment, Plaintiff's facial challenge should be rejected and summary judgment should be entered in favor of the Board.

DATED October  24 , 2018.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

   *s/ Christina L. Beatty-Walters*
CHRISTINA L. BEATTY-WALTERS #981634
CARLA A. SCOTT  #054725
Senior Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Tina.BeattyWalters@doj.state.or.us
Carla.A.Scott@doj.state.or.us
Of Attorneys for Defendants

Page 4 -    DEFENDANTS' RESPONSE TO PLAINTIFF JARLSTROM'S SUR-REPLY
            TBW/c4m/9239891-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000